**CITY OF MIAMI BEACH, et al., v. CHARLES H. CRANDON, et al.,** as and constituting The Board of County Commissioners of Dade County, Florida.

35 So. (2nd) 285                                      January Term, 1948
May 7, 1948                                                   En Banc
Rehearing denied June 2, 1948.

*Edward L. Semple, Thomas H. Anderson* and *William G. Ward,* for appellants.

*Hudson & Cason,* for appellees.

*Robert H. Anderson, Tyrus A. Norwood* and *Bruce L. Barfield,* for amicus curiae.

SEBRING, J.:

The 1947 session of the legislature enacted chapter 24468, Special Acts of Florida 1947. The act is entitled "An Act Requiring the County Commissioners of Dade County, Florida to Submit to the Electors of Said County at the Second Primary Election to be Held in May, 1948 the Question of Whether or not Joint Resolution No. 407 Consolidating the County of Dade and the City of Miami Shall be Submitted to the Electors of the State of Florida at the General Election to be Held in November, 1948." The act provides, in part, as follows:

"Section 1. The County Commissioners of Dade County, Florida shall submit to the electors of Dade County, Florida at the Second Primary Election held in May, 1948 the following question:

" 'Shall there be submitted to the electors of the State of Florida at the General Election to be held on the first Tuesday after the first Monday in November, 1948 for ratification or rejection Joint Resolution No. 407 relating to the consolidation of the County of Dade and City of Miami?'

"Section 2. The results of said election shall be determined by the Canvassing Board as is now provided by law and the same shall be certified by the Supervisor of Registration to the Secretary of State of the State of Florida within ten days after said election. If a majority of the qualified electors as herein provided shall have voted in favor of submitting said Joint Resolution No. 407 to the electors of the State of Florida at the General Election to be held in November, 1948, then the Secretary of State shall place said Joint Resolution No. 407 on the ballot to be voted on at the General election to be held on the first Tuesday after the first Monday in November, 1948, for ratification or rejection."

Eighteen municipalities of Florida located in Dade County, and P. L. Watson, a citizen, resident and taxpayer of Dade County, have instituted a suit in equity against the members of the Board of County Commissioners of Dade County seeking to restrain the Board from submitting the question contained in Chapter 24468, supra, to the electors of Dade County at the second primary election to be held in May, 1948.

The bill of complaint in the suit recites that the Board proposes to submit the question to the electors of Dade County in accordance with Chapter 24468, supra, but that the threatened action on the part of the Board is illegal, and the act under which the Board purports to be authorized to perform its alleged duty thereunder is void and unconstitutional, because (1) the purported act imposes a duty upon the Board which it is forbidden by law to exercise; (2) the question to be submitted to the electors under the act is vague, indefinite, uncertain and misleading in that it fails to note the exceptions to the effectiveness of the act as created by Joint Resolution No. 407; (3) the Joint Resolution is violative of Section 1 of Article XVII, Constitution of Florida, in that it requires the submission of the resolution to the electors of Dade

County as a condition precedent to it being submitted to the electorate of the State at large in the General Election; (4) the Joint Resolution contains amendments to several sections of the Constitution of Florida and is, in effect, a series of separate amendments and is not being submitted separately to said electors, as required by section 1 of Article XVII of the Constitution of Florida; (5) the Joint Resolution attempts to set up a separate and autonomous sovereignty in Dade County with the power to enact laws contrary to the provisions of the Constitutions of the State of Florida and of the United States; (6) the provisions of the Joint Resolution are severally violative of Section 20 of Article III of the Constitution of Florida; (7) the provisions of the Joint Resolution as affected by chapter 24467, Special Acts 1947, are unconstitutional in that it mandatorily requires the adoption of a charter by the people of Dade County at the expense partly of the people of Dade County and contrary to the expressed will of the people of Dade County.

The prayer of the bill is that the Court will construe the meaning and effect of said chapter 24468, supra, and the amendment to the Constitution proposed under Joint Resolution No. 407, and will issue a temporary injunction restraining the defendant Board from submitting the question to the electorate of Dade County or holding an election for the purpose of balloting upon said question.

In due course the defendant County Commissioners filed an answer to the bill of complaint and incorporated in their answer a motion to dismiss the bill. When the matter came on for hearing before the chancellor the parties to the suit stipulated that there were no facts in dispute requiring the submission of testimony and that as only matters of law were involved the hearing should be a final hearing and the ruling of the court should operate as a final decree. Upon the stipulation and the pleadings the chancellor entered a final decree finding the equities of the cause to be with the defendants, and upon such finding denied the application for injunction and dismissed the bill of complaint at the cost of the plaintiffs. The plaintiffs have taken an appeal from the decree.

Several questions with respect to the validity of Joint

Resolution No. 407 were raised by the parties at the final hearing and answered by the chancellor in the final decree appealed from. The same questions have been propounded by appellants in briefs filed in this court upon the appeal. However, we are unable to see the relevancy or materiality of these questions in this litigation wherein the only real issue between the parties is whether or not the Board of County Commissioners should be restrained from proceeding, under chapter 24468, supra, to submit the question contained in the act to the electors of Dade County as directed by the legislature. Our view is that the only proper question arising out of this issue is whether chapter 24468, Special Acts of Florida, 1947, is unconstitutional and void because it requires the Board of County Commissioners of Dade County to submit to the voters of the only county to be affected by a proposed constitutional amendment, at a primary election, the question of whether or not such proposed amendment shall be placed upon a state-wide ballot for ratification or rejection by the electors of the State at large at the general election.

The appellants contend that the question should be answered in the affirmative, because of the fact that chapter 24468, supra, requires the Board of County Commissioners to perform a duty which they are forbidden by law to exercise, and contemplates the illegal expenditure of tax money for such purpose.

We fail to see wherein the act is subject to the ground upon which it is assailed. Section 1 of Article III of the Constitution of Florida vests the lawmaking power in the legislature of the State. By section 21 of Article III the legislature is empowered to pass special or local laws with respect to all matters or cases not specifically prohibited by the terms of section 20 of Article III; the only restriction upon the power to pass special or local laws being "that no local or special bill shall be passed, nor shall any local or special law establishing or abolishing municipalities, or providing for their government, jurisdiction and powers, or altering or amending the same, be passed, unless notice of intention to apply therefor shall have been published in the manner provided by law where the matter or thing to be affected may be situ-

ated, . . . Provided, however, no publication of any such law shall be required hereunder when such law contains a provision to the effect that the same shall not become operative or effective until ratified or approved at a referendum election to be called and held in the territory affected in accordance with a provision therefor contained in such bill, or provided by general law."

Clearly, the special or local law in question does not fall within the prohibitions or limitations contained in sections 20 or 21 of Article III, nor is it repugnant to any other section of the constitution to which our attention has been directed. The act, therefore, is not subject to the grounds upon which it is challenged.

The fact that the law may have been enacted to give the electors of Dade County an opportunity to express their approval or disapproval of Joint Resolution No. 407 prior to the general election of 1948, to the end that the electors of the State qualified to vote in the general election might know whether or not the people of the area to be affected were in favor of or opposed to the proposed constitutional amendment, does not render the act invalid; for under section 1 of Article III of the Constitution the legislature may exercise any lawmaking power that is not forbidden by the organic law of the State. "The Constitution does not grant particular legislative powers, but contains specific limitations of the general lawmaking power of the Legislature." Stone v. State, 71 Fla. 514, 71 So. 634. "Our state constitution is a limitation upon power, and unless legislation duly passed be clearly contrary to some express or implied prohibition contained therein, the courts have no authority to pronounce it invalid." Harry E. Prettyman, Inc. v. Florida Real Estate Commission, 92 Fla. 515, 109 So. 442. See also State v. Board of Public Instruction for Dade County, 126 Fla. 142, 170 So. 602.

We do not deem it to be within the scope of any issues which could be lawfully raised between the parties to this litigation to determine what effect should be given Joint Resolution No. 407 in the event the question submitted to the electors of Dade County under chapter 24468, supra, is, or is not,.

carried by an affirmative vote; whether or not it will become the legal duty of the Secretary of State to place, or refrain from placing, the constitutional amendment proposed by Joint Resolution No. 407 on the general election ballot, in the event the majority vote of the electors of Dade County is for, or against, the question submitted under chapter 24468, supra; or whether, without regard to the result of any vote on the question to be submitted to the Dade County electorate at the primary election, the Joint Resolution proposing the constitutional amendment is, or is not, in violation of the State or Federal Constitution. These questions are premature and may not be decided on this appeal between these parties.

The conclusions we have reached are solely with respect to whether or not chapter 24468, Special Acts, 1947 is unconstitutional and void, upon the grounds asserted, and whether by reason thereof the Board of County Commissioners of Dade County should be restrained from proceeding thereunder. As to this question we hold that the act is constitutional and that the chancellor acted correctly in entering his decree dismissing the bill of complaint.

To the extent of the chancellor's ruling on the only proper point in issue, the decree appealed from is—

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN and BARNS, JJ., concur.

ADAMS and HOBSON, JJ., not participating.