126 So.2d 566 (1961)
STATE of Florida ex rel. Ray E. GREEN, as State Comptroller of Florida, Appellant,
v.
CITY OF PENSACOLA, a municipal corporation, created by the Law of Florida; Roy S. Philpot, Mayor, Clyde E. Miller, Jr., Charles Humphreys, J.J. Banfell, J.N. Jolly, Kenneth Kelson, E.P. McCullough, T.P. O'Gara, Henry E. McLaughlin, Albert Woerner and Fud Thornton, as members of the City Council, and Charles H. Walker, as City Clerk-Comptroller of the City of Pensacola, Appellees.
Supreme Court of Florida.
February 1, 1961.
*567 Richard W. Ervin, Atty. Gen., and T. Paine Kelly, Asst. Atty. Gen., for appellant.
F. Churchill Mellen, W.H. Watson, James B. Watson, of Watson & Watson, Pensacola, for appellees.
HOBSON, Justice.
This appeal arises from an action of mandamus brought on the relation of the Comptroller of the State of Florida, wherein the relator sought to compel the respondent, City of Pensacola, and certain of its officers to pay to the comptroller a gross receipts tax on the sale of natural gas by the City of Pensacola during 1955. The tax sought to be collected is that imposed by Section 203.01, Florida Statutes F.S.A.[1] The alternative writ of mandamus alleges *568 that during the year 1955 the respondent city was engaged in furnishing to its inhabitants and to others residing in the vicinity natural gas for light, heat or power, and that the city nevertheless had failed to report to the comptroller the amount of its gross receipts or to pay the tax for the period in question as required by law. It is further alleged that the city declined to pay the tax on the ground that it was exempt from the imposition thereof under the provisions of Chapter 31166, Special Acts of the Legislature, 1955.[2]
The alternative writ goes on to attack the constitutionality of the special act on the ground, among others, that it violates the "equal protection" clause of the state constitution. It is alleged that there exist throughout the state forty municipal corporations engaged in the sale and distribution of electricity, manufactured and natural gas for light, heat and power, from which the special act seeks to single out the respondent city for special favor.
A motion to quash the alternative writ was granted on the ground that the writ failed to show that the comptroller had any standing to question the constitutionality of the special act. An appeal to the First District Court of Appeal from the order granting the motion to quash was resolved in favor of the comptroller. Green v. City of Pensacola, Fla.App., 108 So.2d 897. On remand, a return was filed in which the city admitted that during 1955 it was engaged in furnishing to inhabitants of the city and vicinity natural gas for light, heat or power. It was denied, however, that there was ever any duty on the city or its officers to make the report or to pay the tax referred to in the alternative writ, because of the existence, throughout the period in question, of Chapter 31166, Laws of Florida, Special Acts of 1955, which exempts the City of Pensacola in its operation of a natural gas distributing system from taxation by the State of Florida. The return stated that the respondents are without knowledge as to the existence of forty municipal corporations engaged in the sale and distribution of electricity, manufactured and natural gas for light, heat and power, but avers that at the time of the passage of the special act, Milton, Florida, was the only other municipal corporation engaged in the sale or distribution of gas, as distinguished from the sale or distribution of electricity or electricity and gas, and that vast differences in population exist between Milton and the City of Pensacola.
Subsequently, the comptroller moved for a peremptory writ of mandamus notwithstanding the return of the respondents. At the hearing on the motion, the parties declined the opportunity of offering evidence, and it was admitted by them that all applicable statutes, including Chapter 203, Florida Statutes, F.S.A., and Chapter 31166, Laws of Florida, Acts of 1955, were properly before the court. The circuit court denied the motion and quashed the alternative writ, holding Chapter 31166 to be valid and constitutional. In so doing the court recognized that the special act was clothed with a presumption of constitutional validity which the relator had not rebutted. From this judgment, which directly passes upon the validity of a state statute, the comptroller has appealed directly to this court. On appeal, the comptroller has limited his attack on the constitutionality of Chapter 31166 to the assertion that it violates the "equal protection" provisions of the constitution of the state and the 14th Amendment. In addition, he urges that the court below erred in placing upon him the burden *569 of showing "that beyond all reasonable doubt the statute inevitably conflicts with some designated provision of the constitution." It is the comptroller's contention that, since the city is seeking the shelter of an exemption law, it must bear the burden of showing that it is entitled to such favor. It will be well to dispose of the latter issue before passing on to the former.
The rule that a purported grant of a tax exemption is to be strictly construed against the claimant and in favor of the taxing authority is widely recognized in this and other jurisdictions. State v. Inter-American Center Authority, Fla., 84 So.2d 9; Lummus v. Florida-Adirondack School, 123 Fla. 810, 168 So. 232; Steuart v. State ex rel. Dolcimascolo, 119 Fla. 117, 161 So. 378; Rast v. Hulvey, 77 Fla. 74, 80 So. 750; 31 Fla.Jur., Taxation, § 142; 84 C.J.S. Taxation § 227, and authorities cited. The rule, however, is only one of statutory construction, and as such it has no application in the absence of ambiguity in the words of the statute. 84 C.J.S. Taxation § 227. Inasmuch as Chapter 31166, in plain and unambiguous language, grants to the City of Pensacola an exemption from the tax in question, the rule of strict construction is not needed and will not be applied.
It having been established that the taxpayer is clearly within the terms of the exemption, it is the opinion of the court that the exemption statute thereupon stands on an equal footing with all other legislative enactments, and that it enjoys the same presumption in favor of its constitutionality that this court has long recognized. Cobo v. O'Bryant, Fla., 116 So.2d 233; Brewer v. Gray, Fla., 86 So.2d 799; Neisel v. Moran, 80 Fla. 98, 85 So. 346. Moreover, it has been held that the rule of strict construction under discussion may not be invoked against a municipality asserting an exemption. Saunders v. City of Jacksonville, 157 Fla. 240, 25 So.2d 648. Therefore, we hold that the court below was correct in placing upon the comptroller the burden of showing, beyond all reasonable doubt, that the statute under attack was inevitably in conflict with some designated provision of the constitution.
The state, as an incident of its sovereignty, has the inherent legislative power to select the subjects of taxation and to provide for exemptions from taxation, subject only to controlling constitutional limitations. Long v. St. John, 126 Fla. 1, 170 So. 317, 109 A.L.R. 809. As previously stated, the constitutional issue in this case is limited to whether or not the exemption statute is repugnant to the "equal protection" provisions of either the state or federal constitutions.
The Declaration of Rights, Section 1, F.S.A., provides "all men are equal before the law * * *", while the 14th Amendment to the Constitution of the United States provides that "No state shall * * * deny to any person within its jurisdiction the equal protection of the laws." These two sections are "kindred provisions." Miami Home Milk Producers Ass'n v. Milk Control Board, 124 Fla. 797, 160 So. 541. That the "equality before the law" provision of the Declaration of Rights is a constitutional limitation upon the taxing power of the state was recognized in the case of State ex rel. James v. Gerrell, 137 Fla. 324, 188 So. 812, 813, wherein it was stated:
"In the imposition of excise or license taxes, the courts will enforce the observance of the due process and equal protection provisions of the Constitution. For this reason, such taxes cannot be unreasonable or arbitrary, either as to basis of classification or amount of the tax imposed."
Likewise, the United States Supreme Court has employed the "equal protection" clause of the 14th Amendment to strike down a discriminatory state tax. Southern R. Co. v. Greene, 216 U.S. 400, 30 S.Ct. 287, 54 L.Ed. 536. That court has, however, repeatedly characterized the equal protection *570 clause as allowing for broad powers of classification in the field of state taxation. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245; Caskey Baking Co. v. Commonwealth of Virginia, 313 U.S. 117, 61 S.Ct. 881, 85 L.Ed. 1223; Walters v. City of St. Louis, 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660.
In addition to the broad powers which the legislature has to select the subjects for taxation and exemption, its powers with respect to municipalities is absolutely unlimited except as restrained by the state or federal constitutions. Town of Palm Beach v. City of West Palm Beach, Fla., 55 So.2d 566, citing City of Miami Beach v. Crandon, 160 Fla. 439, 35 So.2d 285; Coen v. Lee, 116 Fla. 215, 156 So. 747; and Jersey City v. Martin, 126 N.J.L. 353, 19 A.2d 40. After a full consideration of the applicable authorities, we are of the opinion that the "equality" provisions of the Federal and State Constitutions do not constitute restraints upon the state in the control of its own municipalities. City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937, 29 A.L.R. 1471; City of Newark v. State of New Jersey, 262 U.S. 192, 43 S.Ct. 539, 67 L.Ed. 943; Shelby v. City of Pensacola, 112 Fla. 584, 151 So. 53.
We are, therefore, impelled to the conclusion that the contentions of the comptroller are without merit, and that Chapter 31166, Special Acts of 1955, is a valid and constitutional exercise of the legislative prerogative over taxation and municipalities. Accordingly, the decree appealed from is hereby
Affirmed.
THOMAS, C.J., and TERRELL, DREW and THORNAL, JJ., and MASON, Circuit Judge, concur.
O'CONNELL, J., concurs specially.
O'CONNELL, Justice (concurring specially).
I concur in the majority opinion for the reason that I believe it to be legally sound. However, I am moved to say that the policy of exempting cities from paying the tax involved is not a wise one and is certain to result in further use of the exemption by other cities and on other utilities to the serious detriment of the state's revenue.
HOBSON and THORNAL, JJ., concur.
NOTES
[1] "203.01. Public service corporations, tax upon gross receipts.  Every person, including municipal corporations, receiving payment for electricity for light, heat or power, for natural or manufactured gas for light, heat or power, for use of telephones, and for the sending of telegrams and telegraph messages, shall annually, on or before the fifteenth day of March, report to the comptroller of the state, under oath of the secretary or some other officer of such person, the total amount of gross receipts derived from business done within this state, or between points within this state, for the preceding calendar year and, at the same time, shall pay into the state treasury the sum of one dollar and fifty cents upon each one hundred dollars of such gross receipts. The term "gross receipts" as used herein shall not include gross receipts of any person derived from the sale of natural gas to a public or private utility, including municipal corporations and rural electric cooperative associations, either for resale or for use as fuel in the generation of electricity. If any person fails to make such report to the comptroller and pay the tax as herein provided, the comptroller shall, after having given at least five days' notice to such person, or some official or representative thereof within this state, estimate the amount of such gross receipts from such information as he may be able to obtain and shall add ten per cent of the amount of such taxes as a penalty, for the failure of such person to make report, and shall proceed to collect such tax, together with all costs and the penalty, the same as other delinquent taxes are collected; provided, no penalty shall be added as aforesaid if a return is made and the amount due is paid to the state treasurer before the expiration of the time stated in the comptroller's notice aforesaid."
[2] Chapter 31166, Special Acts of the Legislature 1955. "Section 1. That the City of Pensacola, in its operation of a natural gas distributing system to the inhabitants of the City of Pensacola and the inhabitants of Escambia, County, be and it is hereby exempted from taxation in all of said operations by the State of Florida or any county or municipality of the State of Florida and all property and all income of the gas distributing system, is hereby exempted from any and all taxation by the State of Florida or any county or municipality of the State of Florida; the provisions of any other law to the contrary notwithstanding."