QUESTION:
Can a person who has diabetes be given a disability exemption?
SUMMARY:
The homestead property of a diabetic may be granted ad valorem tax exemption only if the diabetic is a quadriplegic within the meaning of s. 196.101, F.S., and the property of a diabetic up to the value of five hundred dollars may be granted a tax exemption only if the diabetic is certified to be totally and permanently disabled by the Florida Department of Health and Rehabilitative Services, two licensed physicians of the state, or the Veterans' Administration.
Certain property of a diabetic may be granted an exemption from taxation if the diabetic meets the statutory requirement of being "totally and permanently disabled" or being a "quadriplegic."
Initially I assume that the diabetic in question in your request is not a veteran. See generally, ss. 196.081, 196.091, and 196.24, F.S., for the exemption from taxation of property owned by disabled veterans. I also must bring to your attention that tax exemptions are regarded as express grants so that one claiming an exemption must establish his right to it by clear evidence and law. [See] 31 Fla. Jur. Taxation s. 144 (1960). Furthermore, exemptions are special favors granted by the legislature and are to be strictly construed against the taxpayer and in favor of the taxing authorities. State v. City of Pensacola, 126 So.2d 566
(Fla. 1961); Green v. Pederson, 99 So.2d 292 (Fla. 1957).
As to disabled persons other than veterans, the relevant constitutional and statutory provisions are as follows:
"There shall be exempt from taxation, . . . to every widow or person who is blind or totally and permanently disabled, property to the value fixed by general law not less than five hundred dollars. [Article VII, s. 3(b), State Const.] (1) Any real estate used and owned as a homestead by any quadriplegic shall be exempt from taxation. (2) The production by any quadriplegic of a certificate of such disability from two licensed doctors of this state to the tax assessor of the county wherein the property lies, shall be prima facie evidence of the fact that he is entitled to such exemption. (Section 196.101, F.S.) Property to the value of five hundred dollars of every widow, blind person, or totally and permanently disabled person who is a bona fide resident of this state shall be exempt from taxation. (Section 196.202, F.S.) "Totally and permanently disabled persons" means those persons who are currently certified by the Florida department of health and rehabilitative services, two licensed physicians of this state, or the veterans' administration to be totally and permanently disabled." [Section 196.012(10), F.S. (1972 Supp.)]
Thus, pursuant to the above-quoted, the homestead property of a quadriplegic is exempt from taxation and, further, the real or personal property to the value of five hundred dollars of a totally and permanently disabled person who is a resident of this state is exempt from taxation. A person seeking the disability exemption in s. 196.202, supra, must be certified by the Department of Health and Rehabilitative Services, two licensed physicians of the state, or the Veterans' Administration as "totally and permanently disabled." Cf., AGO 073-36. Although the certificate of disability for quadriplegics referred to in s.196.101(2), supra, would be sufficient proof upon which the tax assessor could allow the exemption, it does not mean that the tax assessor could not deny such exemption if upon his investigation facts were disclosed which showed absence of the requisite disability. Rule 12B-1.201(6)(B), Florida Administrative Code.
A quadriplegic is defined as a person who has lost, or is paralyzed in, all four limbs. Dorland's Illustrated Medical Dictionary (24th Edition 1965). However, there are constitutional questions regarding the grant by the legislature in s. 196.101, supra, of total exemption to homestead property of a quadriplegic in the face of the ten thousand dollar maximum homestead exemption provision in Art. VII, s. 6, State Const. Nevertheless, the issues are sufficiently doubtful so that the statute should be regarded as within the legislative prerogative until judicially declared otherwise. See AGO 071-115.
I therefore conclude that the property of a diabetic up to the value of five hundred dollars may qualify for exemption from taxation if the diabetic is totally and permanently disabled and certified as such to the tax assessor by the Florida Department of Health and Rehabilitative Services, two licensed physicians, or the Veterans' Administration. Also, the homestead property of a diabetic may be exempted from ad valorem taxation if the diabetic is a quadriplegic in that he has lost, or is paralyzed in, all four limbs. Of course, the mere fact that a person is a diabetic would not ipso facto establish that such person is permanently and totally disabled or is a quadriplegic.