QUESTION: May a municipality exempt from the public service tax under the provisions of s. 166.231(4), F.S., nonprofit organizations that are not recognized churches?
SUMMARY: Under the provisions of s. 166.231(4), F.S., a municipality may not exempt from the public service tax nonprofit corporations or organizations that are not recognized churches in this state. At the outset, it should be pointed out that this opinion is directed solely to the question of whether a municipality may exempt from the public service tax nonprofit organizations that are not recognized churches; and it in no way attempts to define the term "recognized church." Attorney General Opinion 073-315. Your question is answered in the negative. Section 166.231(4), F.S., provides in pertinent part that "[a] municipality . . . shall exempt [purchases by] any recognized church in this state for use exclusively for church purposes." This is the only exemption from the public service tax provided by law for private, sectarian, or secular nonprofit corporations or organizations. In view of the fact that s. 166.231(4), supra, does not expressly exempt nonprofit organizations from the public service tax, the question arises as to whether an exemption may be implied for nonprofit organizations under said s. 166.231(4). It is a general rule of law that exemptions to taxing statutes are special favors granted by the legislature and are to be strictly construed against the taxpayer. State ex rel. Green v. City of Pensacola, 126 So.2d 566 (Fla. 1961); State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958); State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1973). Since the law is to be strictly construed against the person claiming the exemption and in favor of the taxing power, one claiming the exemption must clearly show that he is entitled under the law to the exemption. Green v. Pederson, 99 So.2d 292 (Fla. 1957). Thus, if nonprofit organizations are to escape the tax that is authorized by s. 166.231(1), F.S., they must clearly show that nonprofit organizations fall within the exemption provided for in s. 166.231(4), supra, with any doubt being resolved in favor of the taxing power. State ex rel. Wedgworth Farms, Inc. v. Thompson, supra; Steuart v. State, 161 So. 378 (Fla. 1935); United States Gypsum Co. v. Green, 110 So.2d 409 (Fla. 1959). Since tax exemption provisions will not be enlarged by construction, nor will they be implied, the general principle of statutory construction expressio unius est exclusio alterius, the express mention or inclusion of one thing is the exclusion of others, applies to proscribe an exemption from the public service tax to nonprofit corporations or organizations that are not recognized churches in this state. Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952); Williams v. American Surety Company of New York,99 So.2d 877 (2 D.C.A. Fla., 1958); 31 Fla. Jur. Taxation s. 147 (1974); 30 Fla. Jur. Statutes s. 90. In view of the above-cited authorities, it is my opinion that a municipality is not statutorily authorized to exempt nonprofit corporations or organizations that are not recognized churches in this state from the utilities tax provided for by s. 166.231, F.S. [See] 31 Fla. Jur. Taxation s. 146 (1974).