QUESTION: Does the state sales tax provided for under Ch. 212, F.S., apply to fuel adjustment charges on utility bills of commercial users of electrical power?
SUMMARY: Fuel adjustment charges on utility bills of commercial users of electrical energy or power are merely part of the charge for such electrical power or energy; thus, the state sales tax provided for under Ch. 212, F.S., applies to such fuel adjustment charges. Your question is answered in the affirmative for the reasons hereinafter set forth. The Public Service Commission, in Order No. 6357, Docket No. 74680-CI, speaks to, among other things, the purpose of fuel adjustment clauses in utility company billings. On p. 2 of the order, the commission reiterates the objective of such clauses as expressed nearly 16 years ago, to wit: A fuel adjustment clause is intended to compensate for day-to-day fluctuations in the cost of fuel which cannot be anticipated in the base rates. It should be constructed and applied so as to reimburse the utility for the increase in the cost of fuel as related to generation. It also operates so as to pass on to the customer any savings realized by the utility from decreased cost of fuel. The commission states further on p. 5 of the order that the term "fuel adjustment clause" does not adequately describe the purpose of the clause; consequently, the commission adopted the label "cost recovery clause — fossil fuel and purchased power" in order to recognize the purpose for which the clause should be designed, that is, to permit the companies to recover their fossil fuel and purchased power costs. Thus, the fuel adjustment clause (or cost recovery clause — fossil fuel and purchased power), as simply stated, is a means of allowing compensation to utility companies for fluctuations (usually increases) in the cost of fuel, which fluctuating prices are not included in the base rates. Attorney General Opinions 075-49 and 074-309. Based on the above, it is seen that the fuel adjustment charge, though itemized separately on utility bills of commercial users, is merely an addition to the base cost of utility services to the ultimate consumer which has resulted from an increase in the cost of fuel to the utility and as such reflects the sale price of electrical power or energy. And the net sale price of electrical power or energy by private or public utilities and rural electrical cooperative associations is subject to the state sales tax. Sections 212.02(12) and 212.05(5), F.S.; Rule 12A-1.53(1) and (2), F.A.C., as amended to reflect the revision of s. 212.08(7)(i), F.S., by Ch. 74- 305, Laws of Florida. The only exemption from the state sales tax provided by Ch. 212, F.S., involving the sale of electrical power or energy, is contained
in s. 212.08(7)(i), as amended by Ch. 74-305, Laws of Florida, which provides as follows: (i) Household fuels. — Also exempt from payment of the tax imposed by this chapter are sales of utilities to residential households in this state by utility companies who pay the gross receipts tax imposed under s. 203.01, and sales of fuel to residential households, including oil, kerosene, liquefied petroleum gas, coal, wood and other fuel products used in the household for the purposes of heating, cooking, lighting, and refrigeration, regardless of whether such sales of utilities and fuels are separately metered and billed direct to the residents or are metered and billed to the landlord. If any part of the utility or fuel is used for a nonexempt purpose the entire sale shall be taxable. The landlord shall provide a separate meter for nonexempt utility or fuel consumption. This exemption provision speaks only to the sale of utilities to residential households — not to commercial users. Rule 12A-1.53(1), F.A.C., as amended. It is a general rule of law that exemptions to taxing statutes are special favors granted by the Legislature and are to be strictly construed against the taxpayer. State ex rel. Green v. City of Pensacola, 126 So.2d 566 (Fla. 1961); State ex rel. Wedgworth Farms, Inc. v. Thompson,101 So.2d 381 (Fla. 1958); State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1973). Since the law is to be strictly construed against the person claiming the exemption and in favor of the taxing power, one claiming the exemption must clearly show that he is entitled under the law to the exemption. Green v. Pederson, 99 So.2d 292 (Fla. 1957). Thus, if commercial users are to escape the tax that is authorized by s. 212.05(5), F.S., to be levied on the sale of electrical power or energy, they must clearly show that commercial users fall within the exemption provided for in s. 212.08, F.S., with any doubt being resolved in favor of the taxing power. State ex rel. Wedgworth Farms, Inc. v. Thompson, supra; Steuart v. State, 161 So. 378 (Fla. 1935); United States Gypsum Co. v. Green, 110 So.2d 409 (Fla. 1959); s.212.08(10). Since tax exemption provisions will not be enlarged by construction, nor will they be implied, the general principle of statutory construction expressio unius est exclusio alterius, the express mention or inclusion of one thing is the exclusion of others, applies to proscribe an exemption from the state sales tax on the sale of electrical power or energy to commercial users in this state. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Williams v. American Surety Company of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958); 31 Fla. Jur. Taxation s. 147 (1974); 30 Fla. Jur. Statutes s. 90. In view of the above authorities, it is my opinion that the fuel adjustment charge on utility bills of commercial users of electrical energy or power is merely part of the charge for such electrical power or energy, and such a sale is not exempt from the state sales tax under Ch. 212, F.S.