QUESTION: Is the $200 occupational license limitation provided in s. 205.064, F.S. (1974 Supp.), the total that may be required for both county and municipal licenses for farmers' produce markets?
SUMMARY: Section 205.064(2), F.S. (1974 Supp.), limits the amount of any one occupational license tax to $200 but does not provide any exemption from multiple occupational license taxes based on proper jurisdiction of a city and county, nor does it provide that the sum of city and county licenses shall not exceed $200. Your question must be answered in the negative. Section 205.064(2), F.S. (1974 Supp.), exempts sellers of agricultural and horticultural products and allows blanket licenses for farmers' produce markets by providing: A wholesale farmers' produce market shall have the right to pay a tax of not more than $200 for a license that will entitle the market's stall tenants to engage in the selling of agricultural and horticultural products therein in lieu of such tenants being required to obtain individual local occupational licenses to so engage. Sections 205.032 and 205.042, F.S., authorize county and municipal governing bodies, respectively, to impose occupational license taxes upon businesses, professions, and occupations conducted within their jurisdiction. Section205.064, F.S. (1974 Supp.), clearly exempts the qualified individual produce seller from payment of any local occupational license tax. Your question is whether the farmers' produce market, comprised of many individual sellers, is liable for only $200 in combined county and municipal occupational license taxes or whether a license tax not to exceed $200 may be levied by each local governing authority having jurisdiction to do so pursuant to Ch. 205, F.S. There is no doubt that the expressed and effective intent of the Legislature in creating this section was to exempt the individual produce seller. There is no similar expressed intent that the total of all local occupational license taxes not exceed $200 or that the market be exempted from any proper local occupational license tax, except to the extent that any one license tax exceeds $200. To so construe this section would be to establish an exemption, beyond the given limitation, in derogation of the principle that exemption sections shall be strictly construed against the taxpayer. State ex rel. Szabo Food Services, Inc. v. Dickinson, 280 So.2d 529 (Fla. 1973); Green v. City of Pensacola, 126 So.2d 566 (Fla. 1961). However, s. 205.064(2), supra, is plain and unambiguous and effect need only be given to the plain meaning of its terms. There is no need to resort to any interpretation or construction of the statute. State v. Egan,287 So.2d 1 (Fla. 1973). If a farmers' produce market is located within the territorial jurisdiction of a municipality, then the market may be subject to both county and municipal occupational license taxes. There is no language in the statute authorizing either the city or county to be the sole licensing authority, nor is there any language requiring a single city-county license tax or detailing the delicate mechanics of determining the respective county and city shares of same. No consideration has been given to any potential problem arising from charter or special act provisions.