MARILYN ADLER *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Defendants.—(ILLINOIS BELL TELEPHONE COMPANY *et al.*, Defendants-Appellants.)

First District (5th Division)   No. 76-961

Opinion filed August 26, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellants City of Chicago officials.

James R. Bryant, Jr., of Chicago, for appellant Illinois Bell Telephone Company.

Max & Herman Chill, P. C., of Chicago (Max Chill, Herman Chill, and Donald B. Garvey, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs filed this action on behalf of themselves and all others similarly situated, alleging that the Chicago message tax (Chicago Municipal Code, ch. 132, §132-30 *et seq.*) is improperly being collected on credit card and collect calls originating outside the city limits. Defendants brought motions to dismiss which the trial court originally granted, but later vacated. However, pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308), the court certified for appeal the questions raised in the motions to dismiss and we granted leave to appeal. Defendants contend: (1) the Illinois Commerce Commission (Commission) has primary and exclusive jurisdiction to hear this matter; and (2) plaintiff lacks standing to bring suit.

Section 8—11—2(1) of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 8—11—2(1)) authorizes municipalities to tax "the business of transmitting messages by means of electricity, at a rate not to exceed 5% of the gross receipts from such business originating within the corporate limits of the municipality." Pursuant to this authority, the City of Chicago enacted an ordinance imposing a 5% tax on the business of transmitting messages by means of electricity on all messages "originating within the corporate limits of the city." Chicago Municipal Code, ch. 132, §132—30 *et seq.*

Section 36(a) of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 36(a)) authorizes the telephone company to transfer the tax, plus the costs of accounting, and any increase in payments to governmental bodies resulting from the tax, to their customers in the form of an "additional charge." It must, however, file with the Commission a copy of the municipal ordinance and a supplemental rate schedule specifying the

"additional charge." Although the charge is effective upon filing, the Commission may investigate whether the charge is correctly specified, and if not, it may order a refund. Ill. Rev. Stat. 1973, ch. 111 2/3, par. 36(a).

In accordance with these provisions, Illinois Bell Telephone (Bell) filed a supplemental schedule with the City of Chicago effective June 1, 1973.

On September 5, 1973, plaintiff Marilyn Adler, brought the instant action seeking an injunction, an accounting, and other relief. She alleged that Bell "is consistently adding and imposing a tax equal to the rate provided in the Ordinance [*sic*] on messages originating *outside* the corporate limits of the city where the calls are collect or on telephone credit cards billed to a telephone number *within* the corporate limits of the city." (Emphasis hers.) On August 30, 1973, she had filed a similar complaint with the Commission (Marilyn Adler v. Illinois Bell Telephone Company (August 30, 1973), No. 58529).

Defendants filed motions to dismiss arguing that: (1) the Commission had primary and exclusive jurisdiction in this matter; (2) plaintiff lacked standing; and (3) the complaint did not state a proper class action. After allowing plaintiff to amend, the court dismissed her complaint and continued generally her motion to vacate the dismissal pending the outcome of the Commission hearing.

After conducting a hearing, the Commission refused to decide the matter, finding that there were no "technical interpretations to be made by the Commission within the purview of its expertise * * *." Believing the issue to be solely one of statutory interpretation, they held it was "not for this commission, but a court of law to decide, * * *." They did however retain jurisdiction to order refunds depending upon the court's interpretation of the ordinance.

The Commission denied plaintiff's petition for rehearing on May 9, 1975, and she did not appeal. Rather, she proceeded with this action in circuit court. The court allowed her motion to vacate on July 16, 1975. Thereafter, she amended her complaint to its present form. Counts I and III allege that the Chicago message tax is being collected on credit card and collect calls originating outside the city limits in contravention of section 8—11—2(1) of the Illinois Municipal Code of 1961 (Ill. Rev. Stat. 1973, ch. 24, par. 8—11—2(1)) and section 132—30 *et seq.* of the Chicago Municipal Code (Chicago Municipal Code, ch. 132, §132—30 *et seq.*); count II alleges that the ordinance is unconstitutionally administered and enforced; and count IV alleges that the ordinance is unconstitutionally administered and enforced, and unconstitutionally vague. Plaintiff also added Leonard Adler as party plaintiff.

Defendants renewed their motions to dismiss. On July 14, 1976, the court denied these motions holding that: (1) the circuit court has

jurisdiction to hear this matter; (2) the plaintiffs have standing to maintain this suit; and (3) the amended complaint states a proper class action.

OPINION

Defendants first contend that the circuit court lacks jurisdiction to consider this matter because section 72 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 76) vests the Commission with exclusive and primary authority to consider excessive rate charges. (*Cummings v. Commonwealth Edison Co.* (1966), 64 Ill. App. 2d 320, 213 N.E.2d 18.) Plaintiffs acknowledge the Commission's authority to consider excessive rate charges, but argue that the "additional charge" is a tax on telephone subscribers, and not part of the rate charged for telephone services. They conclude therefore, that this matter is properly within the jurisdiction of the circuit court.

Plaintiffs' argument, although raised in a different context, was considered and rejected in *Agron v. Illinois Bell Telephone Co.* (7th Cir. 1971), 449 F.2d 906, *cert. denied* (1972), 405 U.S. 954, 31 L. Ed. 2d 231, 92 S. Ct. 1171, which we find persuasive. There the court found that:

"The Illinois statutes authorizing and imposing a tax on the occupation or business of transmitting messages by means of electricity are explicit. Ill. Rev. Stat. ch. 120, §467.2 and ch. 24, §8—11—2 (1969). For instance, section 467.1 provides that: 'Taxpayer means a person engaged in the business of transmitting messages' and section 467.2 states that: 'A tax is imposed upon persons engaged in the business of transmitting messages in this State.' It would be difficult to interpret such specific language as imposing a tax on telephone subscribers. It may be that IBT normally 'passes on' to its subscribers the economic burden of the state and local occupation taxes just as every unsubsidized business must 'pass on' and recover from its customers every item of operating expense—including state and federal taxes—if it is to operate profitably. But the fact that the telephone subscriber ultimately bears the financial burden of the tax does not justify our ignoring the clear language of the Illinois statutes and holding that the tax is 'imposed' on subscribers". 449 F.2d 906, 909.

The court concluded that:

"The '[a]dditional charges * * * are simply a part of the price such subscribers must pay IBT to receive telephone service.'" 449 F.2d 906, 912.

More importantly, the second district of this court recently decided the jurisdictional question plaintiff raises here in *Commonwealth Edison Co. v. Community Unit School District No. 200* (1976), 44 Ill. App. 3d 665, 358 N.E.2d 688. There the school district alleged that the defendant utilities,

including Bell, were illegally collecting a 3% Wheaton utility tax on the use of utilities outside the city of Wheaton. The Wheaton tax differed only in amount from that imposed here on Bell. The court noted that the school district's allegation raised a question of whether the defendants were violating section 36(a) of the Illinois Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 36(a)) and held that:

> "Such questions would be for the Illinois Commerce Commission and not, initially, for the court to decide. The commission has exclusive jurisdiction over complaints of excessive rates charged by public utilities and the courts have jurisdiction over these matters only upon administrative review of the decision of the commission, that is, only after utilization and exhaustion of the remedies available before the commission. (*Terminal R.R. Association v. Utilities Com.*, 304 Ill. 312 (1922); *Adler v. Northern Illinois Gas Co.*, 57 Ill. App. 2d 210 (1965); *Cummings v. Commonwealth Edison Co.*, 64 Ill. App. 2d 320 (1966); *Malloy v. Ill. Bell Telephone Co.*, 12 Ill. App. 3d 483 (1973).) The court cannot usurp the functions of the Illinois Commerce Commission and determine whether the utilities tax has been charged for uses outside of Wheaton or whether a reasonable rate has been charged. *Cummings v. Commonwealth Edison Co.*, 64 Ill. App. 2d 320 (1966)." 44 Ill. App. 3d 665, 672-73, 358 N.E.2d 688, 693.

■■ We agree and accordingly hold that the Commission has primary and exclusive authority to consider plaintiffs' allegations in counts I and III.

■■ Both briefs seem to suggest that our decision as to jurisdiction, if adverse to plaintiffs, would be dispositive of the entire complaint. We do not find this to be the case. Counts I and III allege, in essence, that defendants are collecting an improper rate for telephone services, and, as we noted, should have been dismissed for lack of jurisdiction. Count IV, however, is an action for declaratory judgment. It alleges that the Chicago message tax ordinance is unconstitutionally administered and enforced, and unconstitutionally vague. Whether or not this ordinance is constitutional is a question within the jurisdiction of the circuit court. (See *Commonwealth Edison Co. v. Community Unit School District No. 200* (1976), 44 Ill. App. 3d 665, 358 N.E.2d 688.) Similarly, insofar as count II alleges that the City of Chicago message tax is unconstitutional, as applied, it too presents a question within the jurisdiction of the circuit court. We therefore must now consider defendants' second contention that plaintiffs lack standing to challenge the constitutionality of this ordinance.

Defendants contend that plaintiffs lack standing to challenge the constitutionality of this ordinance because plaintiffs are not taxpayers.

They assert that only Bell, upon whom the incidence of the tax rests, has standing to challenge the constitutionality of the tax.

■■ We disagree. Again the recent case of *Commonwealth Edison Co. v. Community Unit School District No. 200* (1976), 44 Ill. App. 3d 665, 358 N.E.2d 688, is dispositive of this issue. After analyzing the Illinois decisions on standing the court there concluded that the school district had standing to challenge the constitutionality of the utility tax ordinance and enabling statute. The court recognized that although a party must be directly affected by a statute or ordinance to challenge its constitutionality (*Village of Itasca v. Luehring* (1954), 4 Ill. 2d 426, 430, 123 N.E.2d 312, 314), it is not necessary that the one challenging the tax as unconstitutional be the initial taxpayer. (*Crane Construction Co. v. Symons Clamp & Manufacturing Co.* (1962), 25 Ill. 2d 521, 185 N.E.2d 139; *Marquardt Corp. v. Weber County, Utah* (10th Cir. 1966), 360 F.2d 168, 171.) Accordingly, where as here the validity of the "additional charge" is totally dependent on the validity of the tax and where the initial taxpayer has no real interest in the controversy, "the courts in recent years have been more liberal in allowing persons indirectly affected to bring suit." 44 Ill. App. 3d 665, 670, 358 N.E.2d 688, 691.

We agree with this reasoning and therefore hold that plaintiffs have standing to challenge the constitutionality of the ordinance. Accordingly, we would allow those portions of the complaint to stand which challenge the constitutionality of the City of Chicago message tax. Chicago Municipal Code, ch. 132, §132—30 *et seq.*

■■ Defendants also list as a contention in their brief that plaintiffs do not constitute a proper class for purposes of a class action. However, they did not argue this point in either their brief or on oral argument and we therefore need not consider this issue here. (*Village of Roxana v. Costanzo* (1968), 41 Ill. 2d 423, 243 N.E.2d 242.) Similarly, we need not discuss plaintiffs' argument that the circuit court has authority to impose an equitable trust over the monies they allege were improperly collected, because defendants concede this point in their reply brief.

For the foregoing reasons, the order of the circuit court is affirmed in part, and reversed in part, and the cause is remanded to the circuit court for proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part and remanded.

SULLIVAN, P. J., and WILSON, J., concur.