THE VILLAGE OF NORTH PEKIN, Plaintiff-Appellant, v. KRAG F. RIVIERE, Defendant-Appellee.

Third District   No. 79-115

Opinion filed July 16, 1979.

Edward Orr, of Moehle, Reardon, Smith and Day, Ltd., of East Peoria, for appellant.

Robert Metzler, of Pekin, for appellee.

PER CURIAM: The Village of North Pekin appeals from a judgment of the Circuit Court of Tazewell County declaring Krag F. Riviere not guilty in a prosecution for a traffic violation against him, based upon the

failure of the village to present evidence on January 10, 1979, the date of the entry of judgment. The village objects for the reason that a continuance was earlier granted by an order entered on January 3, 1979, at the request of the village, continuing the proceedings until February 14, 1979. The trial court had scheduled this cause to be heard on January 10, 1979, and upon finding that the Village of North Pekin had given no notice of the continuance to February 14, 1979, the court proceeded with disposition of this cause.

■■■ The village contends that proceeding with the case, without giving the village proper notice, was a violation of its right to due process under the constitutions of the State of Illinois and the United States. It has been indicated in *People v. Valentine* (1977), 50 Ill. App. 3d 447, 365 N.E.2d 1082, that the due process clause of the fourteenth amendment to the United States Constitution is not invoked for municipalities. While the due process provision of the Illinois Constitution of 1970, article I, section 2, has never been construed as not applying to municipalities, this can be the only logical construction. Municipalities are political subdivisions of the sovereign State and, particularly, when prosecuting individuals for violations of statutes, stand in the place of the sovereign State of Illinois.

Constitutions have been referred to as contracts between the sovereign and its people. The due process provisions provide for protection against indiscriminate use of the power of the sovereign to deprive any person of life, liberty or property by guaranteeing that person his or her day in court. We find no provision, or construction, under the facts in this case, which would require an implementation of due process rights as to the State or its political subdivision, the municipality, when such rights are, specifically, guaranteed to the individual and not to the sovereign or its subsidiary, the municipality.

In seeking a reversal in this cause, the brief of the village has overlooked the fact that it was the defendant Riviere who was not given the proper notice of the continuance. The village, acting through its representatives, had ignored the rights of defendant Riviere to due process in failing to advise him of the continuance. If we were to reverse the judgment of the trial court, on the basis contended for by the municipality, we would be approving the apparent disregard of the individual's rights by failure of the municipality to advise of the continuance.

For the reasons stated, therefore, the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., took no part in the consideration or decision of this case.