VILLAGE OF ARLINGTON HEIGHTS,
etc., et al., Plaintiffs-Appellants,

v.

REGIONAL TRANSPORTATION
AUTHORITY, etc., et al.,
Defendants-Appellees.

No. 80–2442.

United States Court of Appeals,
Seventh Circuit.

Argued April 17, 1981.

Decided July 9, 1981.

Jack M. Siegel, Chicago, Ill., for plaintiffs-appellants.

Howard J. Swibel, Kirkland & Ellis, Chicago, Ill., for defendants-appellees.

Before SWYGERT,* Senior Circuit Judge, FAIRCHILD,** Circuit Judge, and JAMESON, Senior District Judge.***

SWYGERT, Senior Circuit Judge.

This case concerns a constitutional attack upon an Illinois statute giving a public transportation authority power to levy unequal taxes among the geographic regions within its jurisdiction. The district court dismissed the action for lack of jurisdiction. We affirm.

I

Plaintiffs, the Villages of Arlington Heights, Northfield, and Palatine, the City of Evanston, and nine individuals, instituted this action against the Regional Transportation Authority (RTA) and its directors and the Illinois Department of Revenue and its director challenging the constitutionality of certain tax ordinances enacted by the RTA and the statute authorizing the enactment of those ordinances. The plaintiff-municipalities are all municipal corporations located in Cook County, Illinois within the territorial boundaries of the RTA. The individual plaintiffs are residents and taxpayers of Arlington Heights. The RTA, a corporation created by state statute, is responsible for providing public transportation within its geographic boundaries, which include the Illinois counties of Cook, DuPage, Kane, Lake, McHenry, and Will. The Illinois Department of Revenue is responsible for collecting and disbursing RTA taxes.

The statute in question, Ill.Rev.Stat.1979, Ch. 111⅔, § 704.03, *as amended*, authorized the RTA to impose a "Retailers' Occupation Tax upon all persons engaged in the business of selling tangible personal property at retail in the metropolitan region at a rate not to exceed 1% of the gross receipts from such sales made in the course of such business within the County of Cook and ¼% of the gross receipts from such sales made in the course of such business within the Counties of DuPage, Kane, Lake, McHenry and Will." [1] The statute further empowered the RTA to impose a Service Occupation Tax on the sales of services and a Use Tax, both at the same rate as the Retailers' Occupation Tax. On September 24, 1979, the Board of Directors of the RTA voted to impose the Retailers' Occupation, Service Occupation, and Use Taxes as authorized by the statute.

Plaintiffs instituted this action on November 2, 1979, alleging that the state statute and the RTA ordinance violated the equal protection and due process clauses of the Fourteenth Amendment, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Illinois Constitution; they sought injunctive and declaratory relief. The complaint alleged that the transportation services available in DuPage, Kane, Lake, McHenry, and Will counties are the same as those available to plaintiffs within Cook County but outside the City of Chicago, yet plaintiffs had to pay a sales tax ¾% higher than the tax paid by others similarly situated in the surrounding counties. The district court held that as to the individual plaintiffs, 28 U.S.C. § 1341 [2] prevented the federal court from entertaining jurisdiction over the action because "plaintiffs as the ultimate payers of the taxes challenged have a plain, speedy and efficient remedy in the state courts of Illinois." Regarding the plaintiff-municipalities, the court concluded that it had no jurisdiction over their federal

* At the time of oral argument, Judge Swygert was a circuit judge in active service; he assumed senior status on July 1, 1981.

** At the time of oral argument, Judge Fairchild was chief judge of the circuit; he became circuit judge on July 1, 1981.

*** The Honorable William J. Jameson, United States Senior District Judge for the District of Montana, is sitting by designation.

1. The statute expressly authorized the retailers upon whom the tax was imposed to pass the tax along to their customers as an additional charge.

2. 28 U.S.C. § 1341 provides:

    The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

claims because, as creatures of the state, they could not challenge the validity of a state statute under the Fourteenth Amendment. The Village of Arlington Heights, the City of Evanston, and the individual plaintiffs appeal.

## II

On appeal, the individual plaintiffs contend that section 1341 does not bar this action because they have no state court remedy; according to plaintiffs, Illinois law prohibits an action challenging a tax by a third party who does not directly pay the tax at issue.[3] We cannot agree with plaintiffs' interpretation of the relevant Illinois cases.

In *Getto v. City of Chicago*, 77 Ill.2d 346, 33 Ill.Dec. 155, 396 N.E.2d 544 (1979), plaintiff, a consumer, filed a class action alleging that the City of Chicago and Illinois Bell Telephone Company had collected taxes in excess of the amount they were statutorily authorized to collect. The defendants argued that plaintiff lacked standing because the tax was passed on by Bell to its customers in the form of additional charges.[4] The Illinois Supreme Court disagreed: "Clearly Bell's subscribers, who have fully borne the burden of the city's message tax, have 'a personal claim, status or right which is capable of being affected' . . . and thus have standing to bring this action." *Id.* at 355–56, 33 Ill.Dec. at 159, 396 N.E.2d at 548 (quoting *Underground Contractors Ass'n v.*

*City of Chicago*, 66 Ill.2d 371, 376, 5 Ill.Dec. 827, 830, 362 N.E.2d 298, 301 (1977)). *Accord, Commonwealth Edison Co. v. Community Unit School District*, 44 Ill.App.3d 665, 670, 3 Ill.Dec. 290, 293–94, 358 N.E.2d 688, 691–92 (1976) ("it is not necessary that a party must be the initial taxpayer in order to challenge the constitutionality of a tax"); *Adler v. Illinois Commerce Commission*, 52 Ill.App.3d 167, 172, 10 Ill.Dec. 14, 18, 367 N.E.2d 402, 406 (1977).[5] *See also Crane Construction Co. v. Symons Clamp & Mfg. Co.*, 25 Ill.2d 521, 185 N.E.2d 139 (1962).

■ It is clear in the case at bar that the individual plaintiffs, who ultimately bear the burden of the tax, have a real interest in the case and are adversely affected by the imposition of the sales tax. Under Illinois law, they would have standing to challenge the validity of the tax; thus, plaintiffs have a "plain, speedy and efficient remedy" in the Illinois courts. We therefore find that the district court correctly held that this action is barred by section 1341.

## III

The district court held that although the plaintiff-municipalities have no state court remedy, they cannot challenge the validity of a state statute under the Fourteenth Amendment because they are "creatures and instrumentalities of the state." The court relied on *Williams v. Mayor & City Council of Baltimore*, 289 U.S. 36, 53 S.Ct.

---

3. Plaintiffs cited *Czajkowski v. State of Illinois*, 460 F.Supp. 1265 (N.D.Ill.1977), *aff'd without opinion*, 588 F.2d 839 (7th Cir. 1978), in support of their position, but their reliance on that case is misplaced. There plaintiff, a retailer of cigarettes in Indiana, brought a class action challenging the validity of an Illinois statute that imposed a use tax on cigarettes. The tax was collected from persons who transported cigarettes purchased in another state to Illinois; these "transporters" were plaintiff's customers. The court held that section 1341 did not bar an action by the Indiana retailers because their standing to bring an action in the Illinois courts was doubtful. The district court discussed *Commonwealth Edison Co. v. Community Unit School District*, 44 Ill.App.3d 665, 3 Ill.Dec. 290, 358 N.E.2d 688 (1976), but concluded that it was distinguishable from the case of the retailers because "[t]he consumer [in *Common-*

*wealth Edison*] ultimately shouldered the challenged tax burden [but] the retailers here do not pay any tax bill." *Id.* at 1274.

4. Illinois Bell was authorized by state statute to pass on a municipal tax imposed on it in the form of higher rates to its customers. Ill.Rev. Stat.1977, Ch. 111⅔, § 36.

5. The courts in those cases recognized that when the initial taxpayer passes on a tax burden to his customers, "the courts in recent years have been more liberal in allowing persons indirectly affected to bring suit." *Commonwealth Edison, supra*, 44 Ill.App.3d at 670, 3 Ill.Dec. at 293, 358 N.E.2d at 691, *quoted in Adler, supra*, 52 Ill.App.3d at 172, 10 Ill.Dec. at 18, 367 N.E.2d at 406.

431, 77 L.Ed. 1015 (1933), and *City of Newark v. State of New Jersey*, 262 U.S. 192, 43 S.Ct. 539, 67 L.Ed. 943 (1923). In *City of Newark*, the Supreme Court held that "[a] City cannot invoke the protection of the Fourteenth Amendment against the State." *Id.* at 196, 43 S.Ct. at 540. That principle is well established in the federal courts. *See City of New York v. Richardson*, 473 F.2d 923, 929 (2d Cir.), *cert. denied*, 412 U.S. 950, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973) ("Political subdivisions of a state may not challenge the validity of a state statute under the Fourteenth Amendment"); *Lindsay v. Wyman*, 372 F.Supp. 1360, 1366 (S.D.N.Y.), *aff'd without opinion sub nom. Beame v. Lavine*, 419 U.S. 806, 95 S.Ct. 21, 42 L.Ed.2d 35 (1974); *City of South Lake Tahoe v. California Tahoe Regional Planning Agency*, 625 F.2d 231, 233 (9th Cir.), *cert. denied*, 449 U.S. 1039, 101 S.Ct. 619, 66 L.Ed.2d 502 (1980); *Appling County v. Municipal Electric Authority of Georgia*, 621 F.2d 1301, 1308–09 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980); *City of Safety Harbor v. Birchfield*, 529 F.2d 1251, 1254–55 (5th Cir. 1976).[6]

■ The municipalities contend that under the home-rule provisions of the 1970 Illinois Constitution they are no longer creatures of the state legislature but derive their powers directly from the Constitution; therefore, they reason, the decisions holding that municipalities could not challenge the acts of their creator are not applicable. The Illinois courts that have considered the question, however, have held to the contrary.

In *People v. Valentine*, 50 Ill.App.3d 447, 8 Ill.Dec. 696, 365 N.E.2d 1082 (1977), the City of Carbondale, a home-rule municipality, challenged the constitutionality of a state statute. The Illinois Appellate Court

recognized that "[w]hile the home rule provisions of the Illinois Constitution of 1970 have changed the relationship of the State to home rule municipalities . . . in many respects . . ., the State still retains the general power to control its political subdivisions." The court then discussed what it found to be "the settled law of Illinois":

> It is a well established principle of constitutional law that restraints against state action under the fourteenth amendment to the Constitution of the United States do not apply against a State in its relationship to . . . municipalities. The amendment states that no *State* shall deprive any *person* of life, liberty or property without due process of law, nor deny any *person* within its jurisdiction the equal protection of the laws. Municipal governmental entities have never been held to be "persons" within the meaning of the amendment, which was intended to guard the liberty and property of natural persons and corporations.[7]

*Id.* at 452, 8 Ill.Dec. at 700, 365 N.E.2d at 1086. *See also Village of Riverwoods v. Department of Transportation*, 77 Ill.2d 130, 136, 32 Ill.Dec. 325, 328, 395 N.E.2d 555, 558 (1979) (holding that "a municipal corporation is not entitled to the protection of the due process clause against the State"); *Franciscan Hospital v. Town of Canoe Creek*, 79 Ill.App.3d 490, 496–97, 34 Ill.Dec. 738, 742, 398 N.E.2d 413, 417 (1979); *Village of North Pekin v. Riviere*, 73 Ill.App.3d 1032, 1033, 29 Ill.Dec. 882, 883, 392 N.E.2d 439, 439 (1979).

■ The municipalities then argue that the principle announced in *Williams* and *City of Newark* does not apply here because they are challenging the RTA ordinance rather than a state statute. This conten-

---

6. This principle also operates to bar plaintiffs' claims under 42 U.S.C. § 1983 because "§ 1983 does not provide any substantive rights at all" but merely creates a remedy for the violation of substantive rights guaranteed by the Constitution. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1915–16, 60 L.Ed.2d 508 (1979).

7. In their reply brief, plaintiffs contend that under federal law, municipalities are considered to be persons, and they cite *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As the court in *Appling County, supra*, recognized, however, "[t]he Monell decision does not call into question the principle that a city or county cannot challenge a state statute on federal constitutional grounds." 621 F.2d at 1308.

tion is also without merit. First, plaintiffs in their complaint stated that they sought a "declaration that certain provisions of the Illinois Revised Statutes contained in Senate Bill 889 and purporting to amend subsection 704.03 of the Regional Transportation Act are unconstitutional and invalid under the Fourteenth Amendment of the Constitution of the United States." Further, under the Illinois Constitution, the RTA may exercise "only powers granted by law," Illinois Const., art. VII, § 8; therefore, any claim that an RTA ordinance enacted pursuant to a state statute is unconstitutional necessarily includes a claim that the authorizing statute is unconstitutional. Finally, the principle that a municipality may not challenge acts of the state under the Fourteenth Amendment applies "whether the defendant is the state itself or another of the state's political subdivisions." *City of South Lake Tahoe, supra,* 625 F.2d at 233 (citing *New Orleans v. New Orleans Water Works,* 142 U.S. 79, 12 S.Ct. 142, 35 L.Ed. 943 (1891)). *Accord, Franciscan Hospital, supra,* 79 Ill.App.3d at 497, 34 Ill.Dec. at 743, 398 N.E.2d at 418.

For the foregoing reasons, the judgment appealed from is AFFIRMED.