THE VILLAGE OF NORTHBROOK *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF COOK *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—804

Rule 23 order entered January 11, 1984.—Opinion filed and rehearing denied June 29, 1984.

Clifford L. Weaver and Piper Wentz Rothschild, both of Burke, Bosselman, Freivogel, Weaver, Glaves & Ryan, and Pedersen & Houpt, both of

Chicago (Richard V. Houpt and Arthur Sternberg, of counsel), for appellant Village of Northbrook.

Richard M. Daley, State's Attorney, of Chicago (Henry Hauser and Matthew Klein, Assistant State's Attorneys, of counsel), for appellee Cook County Building Commissioner.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, the village of Northbrook and certain individuals, brought this action seeking to enjoin the issuance of a building permit by defendants Cook County and William Harris to defendants Edward Schwartz and Equity Associates for the construction of two 10-story office buildings on property adjacent to the village. The subject property, a 20-acre parcel in unincorporated Cook County, is located near the Tri-State Tollway and Lake Cook Road. In their complaint, plaintiffs alleged that the height of the proposed buildings was unreasonable and that the village would be injured in its corporate capacity by the proposed development. The trial court found that the village had standing to bring the suit but that the complaint was barred by *laches* because the village failed to object to the zoning classification of the property in 1976 when Cook County amended its zoning ordinance. Only the village appeals from the dismissal of count I of the amended complaint.

When Cook County adopted a comprehensive amendment to its zoning ordinance in 1976, the subject property was zoned C-7 office/research park district. The height of any developments was governed by a floor-to-area ratio. The county conducted hearings prior to the adoption of its amendment, and pursuant to its rights under sections 2 and 5 of "An Act in relation to county zoning" (Ill. Rev. Stat. 1975, ch. 34, pars. 3152, 3158), the village filed objections to the proposed zoning of several parcels of land within 1½ miles of its borders. The village, however, made no objections to the C-7 zoning of the subject property.

In July 1977, Schwartz purchased 16.5 acres of the 20-acre parcel. He entered into an agreement with Equity Associates to jointly develop the property with two seven-story office buildings. In May 1981, they petitioned the village to annex the property and to provide water and sewer facilities. The village refused to grant the petition because the plans called for office buildings in excess of 65 feet. Schwartz and Equity Associates contracted to purchase the remaining 3.5 acres from defendants William and Kathleen Sellas and then submitted a second development proposal. The developer had reduced the number

of stories but had added a third building to the plan.

When it appeared that the village plan commission would deny the second petition for annexation, Schwartz and Equity Associates arranged for a direct connection to the metropolitan sanitary district interceptor sewer. They withdrew their annexation petition on April 16, 1982, and they applied for a Cook County building permit on May 19, 1982. On June 8, 1982, the village filed this action seeking to enjoin the issuance of a permit and requesting the court to find that the Cook County zoning ordinances were void insofar as they allow buildings over 65 feet on the subject property.

■■ While defendants urge that the trial court correctly found that the village's cause of action was barred by *laches*, they also maintain that the village lacks standing to challenge Cook County's zoning ordinance. Defendants argue that the village does not have standing under the test established in *Village of Barrington Hills v. Village of Hoffman Estates* (1980), 81 Ill. 2d 392, 410 N.E.2d 37, *cert. denied* (1981), 449 U.S. 1126, 67 L. Ed. 2d 112, 101 S. Ct. 943. There, the court required a clear demonstration that a municipality "would be substantially, directly and adversely affected in its corporate capacity" before it had standing to challenge the zoning laws of another governmental entity. (81 Ill. 2d 392, 398.) Defendants contend that the village's allegations of injury are conclusory and reflect injury not to itself, but to other persons not parties to this action. Furthermore, defendants urge that the village has not alleged any injury due to the lack of an absolute height limitation in the zoning ordinance.

■■ The village's complaint alleges that the proposed development is inconsistent with the residential character of the adjoining area; that property values in the village will diminish; that roads will be more congested, resulting in safety hazards; that the development will place an increased burden on well water supplies; and that there is insufficient storm water drainage on the subject property. Although several of these allegations represent possible injury to individual property owners, the village's complaint also alleges injury to itself. The decreasing property values will directly affect the village's tax revenues, and the road congestion and increased water use will affect its ability to provide police and fire protection. The complaint sufficiently alleges injury to the village in its corporate capacity to meet the *Barrington Hills* test.

Defendants also contend that the village is alleging a substantive due process claim which it has no standing to raise because a village is not a "person" under the Illinois and United States constitutions. A municipality cannot assert a constitutional claim against the State or

its statutes (*Franciscan Hospital v. Town of Canoe Creek* (1979), 79 Ill. App. 3d 490, 398 N.E.2d 413; *Village of North Pekin v. Riviere* (1979), 73 Ill. App. 3d 1032, 392 N.E.2d 439) by a direct claim against the State or by a claim against one of its municipalities. (*City of South Lake Tahoe v. California Tahoe Regional Planning Agency* (9th Cir. 1980), 625 F.2d 231, *cert. denied* (1980), 449 U.S. 1039, 66 L. Ed. 2d 502, 101 S. Ct. 619; *Village of Arlington Heights v. Regional Transportation Authority* (7th Cir. 1981), 653 F.2d 1149.) The rationale for this denial of due process is the protection of the sovereignty of the State from the subdivisions it has created. *People v. Valentine* (1977), 50 Ill. App. 3d 447, 365 N.E.2d 1082.

In the *Barrington Hills* case, the claims of the plaintiffs were undistinguishable from those presented here. Our supreme court held that the plaintiffs were aggrieved parties with standing to sue and did not reach the due process issue. Similarly, we do not decide here whether the village has a right to due process since we have already determined it has standing to bring this action. (See also *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 367 N.E.2d 1305; *City of West Chicago v. County of Du Page* (1979), 67 Ill. App. 3d 924, 385 N.E.2d 826.) Having decided that the village has standing to assert its claim, we now consider the trial court's finding that the village's cause of action was barred by *laches*.

■■ *Laches* will act as a bar where plaintiff unreasonably delays in bringing his action and the delay prejudices defendant. (*Hippert v. O'Grady* (1981), 97 Ill. App. 3d 310, 423 N.E.2d 228.) *Laches* may be asserted against a municipal corporation. *Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318.

The village asserts that it filed its suit to challenge the zoning ordinance within one month of the application by Schwartz and Equity Associates for a Cook County building permit and contends that this was not an unreasonable delay. Defendants' position, adopted by the trial court, is that the village should have contested the zoning amendments prior to their adoption, as it did with other amendments. Since the village did not challenge the ordinance until 1982, defendants argue that the village's claim must be barred.

■ A challenge to the zoning ordinance in 1976 was proper only if a justiciable controversy existed at that time. (*Exchange National Bank v. County of Cook* (1955), 6 Ill. 2d 419, 129 N.E.2d 1.) Since the village's claim is not against the C-7 zoning classification, but against the specifically proposed development, any claim the village could have asserted in 1976 would have been based on a future possibility.

Until the village had notice of defendants' plans, there was a possibility the parcel would be developed in accordance with the C-7 zoning and in a manner which the village would find reasonable. In 1976, there was no justiciable controversy requiring the village to file suit or be barred forever. *Greene v. Village of Reynolds* (1976), 35 Ill. App. 3d 998, 342 N.E.2d 834.

Additionally, at least part of the time, the village was negotiating with Schwartz and Equity Associates to annex the property. The village also points out that a sign was erected on the subject property reciting that the village would provide water and sewer lines. The village's delay in filing until after the breakdown in negotiations and after the application for a Cook County building permit was not unreasonable.

Defendants' contention that they have been injured and prejudiced by the village's delay is without merit. Cook County maintains that it has expended funds to enforce its zoning ordinance and that it has relied on the constitutionality of the ordinance in the development of unincorporated areas. The village, however, is not challenging the entire zoning ordinance, but merely its application to the subject property. Therefore, Cook County's expenditures to enforce the zoning ordinance were necessary and proper. Schwartz and Equity Associates maintain that they have been prejudiced by their expenditure of considerable sums to develop the subject property. These expenditures did not occur, however, until after they had knowledge that the village did not want tall office buildings on the subject property. These costs were incurred at defendants' risk, not as a result of the village's delay in bringing this action.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this decision.

Reversed and remanded.

WHITE and O'CONNOR, JJ., concur.