NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4478
_____

POCONO MOUNTAIN CHARTER SCHOOL; KINCHASA JACKSON, on her own
behalf and on behalf of her children Y.J. and K.J.; KENYA WILLIAMSON, on her
behalf and on behalf of her daughter L.J.; ALLAN SANABRIA, on their own behalf and
on behalf of their daughter, K.S.; CARRIE SANABRIA, on their own behalf and on
behalf of their daughter K.S.; KWAME BLAIZE, on his own behalf and on behalf of his
children S.B. and L.B.; MOLLI RIVERA, on her own behalf and on behalf of her
daughter M.R.; TIFFANY GREEN, on her own behalf and on behalf of her children N.G.
and I.G.; SABRINA MULDONAVO-HOWARD, on her own behalf and on behalf of her
children B.H. and J.H.; CLAIRE BRYANT, on her own behalf and on behalf of her
children M.B. and M.B.; DIEDRA KEYS, on her own behalf and on behalf of her son
S.G., on behalf of all others similarly situated,
Appellants

v.

POCONO MOUNTAIN SCHOOL DISTRICT; DWIGHT PFENNING, Superintendent
in his official and individual capacity; HENRY E. BOCKELMAN, President of the
Board of Education, in his official and individual capacity; MEG DILGER, Members of
the Board of Education, in their official and individual capacities; WILLIAM FORTE,
Members of the Board of Education, in their official and individuals capacities; JOSEPH
(RANDY) POLINSKI, Members of the Board of Education, in their official and
individual capacities; JOHN H. DAVIS, Members of the Board of Education, in their
official and individual capacities; ED MAYOTTE, Members of the Board of Education,
in their official and individual capacities; DOROTHY SIROLLY, Members of the Board
of Education, in their official and individual capacities; RICKY D. SMITH, Members of
the Board of Education, in their official and individual capacities; MICHAEL STERN,
Members of the Board of Education, in their official and individual capacities; JAN
NIERLING, Former members of the Board of Education, in their individual capacities;
LEO COLGAN, Former members of the Board of Education, in their individual
capacities; STEPHAN SHELOSKI, Former members of the Board of Education, in their
individual capacities; JEFFREY SNYDER, Former members of the Board of Education,
in their individual capacities; DAVID POLLACK, Former members of the Board of
Education, in their individual capacities; STANLEY STORM, Former members of the
Board of Education in their individual capacities

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-01171)
District Judge: Honorable A. Richard Caputo
_____

Argued July 14, 2011

Before:  RENDELL, SMITH and ROTH, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed : August 25, 2011)
_____

Marshall E. Anders, Esq.
Anders & Masington
18 North 8th Street
Stroudsburg, PA  18360

Daniel M. Fennick, Esq.
Anderson, Converse & Fennick
1423 East Market Street
York, PA  17403
  *Counsel for Appellant Pocono Mountain Charter School*

 Judith A. Gran, Esq.    **[ARGUED]**
Reisman, Carolla & Gran
19 Chestnut Street
Haddonfield, NJ  08033
  *Counsel for Appellants KINCHASA JACKSON, on her own behalf and on behalf of her children Y.J. and K.J.; KENYA WILLIAMSON, on her behalf and on behalf of her daughter L.J.; ALLAN SANABRIA, on their own behalf and on behalf of their daughter, K.S.; CARRIE SANABRIA, on their own behalf and on behalf of their daughter K.S.; KWAME BLAIZE, on his own behalf and on behalf of his children S.B. and L.B.; MOLLI RIVERA, on her own behalf and on behalf of her daughter M.R.; TIFFANY GREEN, on her own behalf and on behalf of her children N.G. and I.G.; SABRINA MULDONAVO-HOWARD, on her own behalf and on behalf of her children B.H. and J.H.; CLAIRE BRYANT, on her own behalf and on behalf of her children M.B. and M.B.; DIEDRA KEYS, on her own behalf and on behalf of her son S.G., on behalf of all others similarly situated.*

Patrick J. Boland, III, Esq.
Thomas A. Specht, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
P.O. Box 3118
Scranton, PA  18505

John E. Freund, III, Esq.    **[ARGUED]**
King, Spry, Herman, Freund & Faul
One West Broad Street
Suite 700
Bethlehem, PA  18018
   *Counsel for Appellee Pocono Mountain School District*

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

This appeal comes to us from a District Court order granting defendant Pocono Mountain School District's ("the School District") Rule 12(b)(6) Motion to Dismiss.  The Pocono Mountain Charter School and several of its students and parents[1] ("the Charter School") sued the School District seeking injunctive relief, compensatory damages and punitive damages as a result of alleged violations of the United States Constitution, the Pennsylvania Constitution, and Title VI of the Civil Rights Act of 1964.  The Charter School also brought a defamation claim against the District.  The District Court dismissed all of plaintiffs' claims.  As to the Charter School's § 1983 claims for violations of the First Amendment, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment, the District Court held that all must fail

_____

[1] For ease of reference, we will refer to the Pocono Mountain Charter School as "the Charter School" and to the students and parents as "the individual plaintiffs."

3

because the Charter School is a political subdivision and, thus, is not entitled to relief under 42 U.S.C. § 1983.[2]

We will affirm the District Court's dismissal of the individual plaintiffs' Due Process claim, the Charter School's Title VI claim, and all plaintiffs' claims for monetary damages under the Pennsylvania Constitution and for defamation. Because the District Court failed to address plaintiffs' claims for injunctive relief under the Pennsylvania Constitution, we will remand for it to consider whether those claims have merit. We also will vacate the portion of the District Court's order dismissing the individual students' Title VI claim and direct the Court to grant the individual plaintiffs leave to amend their complaint regarding their Title VI claims on remand. Finally, we will vacate the Court's dismissal of plaintiffs' § 1983 claims, reverse its holding that, under the Pennsylvania Charter School Law, the Charter School is a political subdivision, and remand for the District Court to determine the Charter School's capacity to sue under § 1983.

I.

In February 2003, the Pocono Mountain School District granted a charter to the Pocono Mountain Charter School. The Charter School is publicly funded, organized and existing under Pennsylvania Charter School Law 24 P.S. 17-1701(A)  The school has approximately 325 students, more than ninety percent of whom are African American,

---

[2] The District Court exercised jurisdiction over this case under 28 U.S.C. § 1331 and 20 U.S.C. § 1415(I). We have jurisdiction over this appeal of the District Court's final order pursuant to 28 U.S.C. § 1291.

Hispanic, or a member of another minority group. The majority of the Board of Directors are African American and several members (including the CEO of the Charter School) attend Shawnee Tabernacle Church. The Charter School provides its students with an individualized curriculum, a high staff-to-student ratio, and small class sizes. The Charter School has performed well, and its students have made significant academic progress. By contrast, the District is one of the lowest performing school districts in Pennsylvania.

Plaintiffs aver that, when the School District renewed the Charter School's charter in 2006, it attached sixty-five conditions, which the Charter School had to agree to in order to obtain the renewal. By contrast, plaintiffs aver that Evergreen Charter School ("Evergreen"), which has a predominately Caucasian student body, was only required to agree to thirty conditions when its charter was up for renewal. The District renewed the Charter School's charter in 2006 but, two years later, in May 2008, instituted charter revocation proceedings against the Charter School for alleged violations of the Pennsylvania Charter School Law. The District also filed complaints with the Pennsylvania Department of Education ("PA DOE") regarding the Charter School's alleged violations of the Individuals with Disabilities Education Act. However, an investigation by the State found the school to be in compliance with all requirements. In addition, the PA DOE was notified by an anonymous source that school administrators at the Charter School were "coaching" students on the PSSA exam. The State also found these allegations to be unfounded. As a result of the publicized allegations against the school, enrollment dropped significantly.

On June 2, 2010, the Charter School and the individual plaintiffs filed a complaint against the School District seeking injunctive relief, compensatory damages and punitive damages. The Charter School claimed that the District violated: (1) Title VI of the Civil Rights Act of 1964 by discriminating against the Charter School on the basis of race and national origin; (2) the First Amendment of the U.S. Constitution by discriminating against the Charter School based on the religious affiliation of some of its officers; (3) the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution by depriving the Charter School and its students of liberty and process without due process of the law; (4) the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution by treating the Charter School differently based on the race of its students and the religious affiliation of some of its officers;[3] (5) Article I, § 3 of the Pennsylvania Constitution by interfering with School officers' right to freely worship; and (6) Article I, § VI of the Pennsylvania Constitution by discriminating against plaintiffs in the exercise of their civil rights. In addition, the Charter School brought a defamation claim against the District.

In an order issued on November 23, 2010, the District Court for the Middle District of Pennsylvania granted the District's motion to dismiss all the plaintiffs' allegations. The Charter School challenges the Court's dismissal of its § 1983 First Amendment, Equal Protection and Due Process claims and its Title VI and defamation

---

[3] The Charter School alleged these constitutional violations under 42 U.S.C. § 1983.

claims. The individual plaintiffs challenge the Court's dismissal of its § 1983 Due

Process claim, Title VI, and Pennsylvania Constitution claims.[4]

Our review of a motion to dismiss for failure to state a claim under rule 12(b)(6) is

*de novo*, and we will apply the same standard as the District Court: when considering a

motion to dismiss for failure to state a claim, we are required to accept as true all

allegations in the complaint and reasonable inferences that can be drawn from them after

construing them in the light most favorable to the non-movant. *Rocks v. City of

Philadelphia*, 868 F.3d 644, 645 (3d Cir. 1989).

## II.

The District Court dismissed the Charter School's § 1983 claims for violations of

the First Amendment, the Due Process Clause, and the Equal Protection Clause, on the

grounds that the Charter School is a political subdivision and, thus, is not entitled to relief

under § 1983.[5] We disagree with this ruling and therefore will reverse its dismissal of the

---

[4] We have done our best to discern from plaintiffs' complaint and defendant's motion to dismiss precisely which plaintiffs brought which claims. In dismissing plaintiffs' claims, the District Court, for the most part, failed to expressly clarify *which* plaintiffs' claims it was addressing. Only in its treatment of the Title VI claims did it distinguish between the Charter School and the individual plaintiffs.

[5] In dismissing the Charter School's § 1983 claims, the District Court did not address the individual plaintiffs' Due Process claim, which they set forth in their complaint, alleging that the District violated not only the Charter School's Due Process rights but also the students' Due Process rights by depriving them of liberty and property without due process of the law. To the extent that the District Court's judgment on the plaintiffs' § 1983 claims pertained to the individual plaintiffs' Due Process claim (the only § 1983 claim for which the students were also listed as plaintiffs), we affirm the Court's

7

Charter School's constitutional claims and remand for further consideration in light of the principles set forth below.

The Court's reading of § 17-1714-A of the Pennsylvania Charter School Law to conclude that a charter school *is* a political subdivision is incorrect.

Section 17-1714-A provides, in relevant part, that:

> A charter school established under this act is a body corporate and shall have the powers necessary or desirable for carrying out its charter, including, but not limited to, the power to . . . [s]ue and be sued, but only to the same extent and upon the same condition that political subdivisions and local agencies can be sued.

24 P.S. § 17-1714-A(a)(2). According to the District Court, the language in § 17-1714-A stating that a charter school may "sue and be sued . . . to the same extent and upon the same condition that [a] political subdivision[] . . . can be sued" amounts to an "explicit state[ment]" that charter schools are political subdivisions that cannot bring § 1983 suits. This is simply incorrect. The statute merely states that a charter school can sue and be *sued to the same extent* that a political subdivision *can be sued.* The inclusion of "to the same extent and upon the same condition" makes it clear that the statute does not, as the District Court asserts, *equate* a charter school with a political subdivision. Rather, the statute states that, for the limited purpose of determining a charter school's ability to be sued, the same circumstances under which political subdivisions and local agencies can be sued shall apply to charter schools. Accordingly, the District Court erred in holding that the Charter School *is* a political subdivision.

---

dismissal, as the students do not have a cognizable liberty or property interest in going to a school of their choice.

8

It is also incorrect to read § 17-1714-A(a)(2) as saying that charter schools can only *sue* to the same extent that political subdivisions can sue. The statute does not say this. Rather, the statute states that charter schools may sue and *be sued* to the same extent that political subdivisions *can be sued.* It limits only its capacity as a defendant, not as a plaintiff. Thus, under the terms of the statute, a political subdivision's power *to sue* is not necessarily the barometer for determining charter schools' power to sue.

Therefore, on remand, the District Court must determine anew whether a charter school can bring suit under § 1983. This presents a thorny issue. The Charter School Law does not directly address this issue, although § 17-1714-A and other sections of the law should be considered in the analysis, as they describe the Charter School's relationship to the state. To provide guidance to the District Court on remand, we note the various theories that should be examined in resolving this issue.

It would appear that the central question is to what extent the Charter School's association with and relationship to the school district—and, thus, the state[6]—bars it from suing the district. Is the School, as the defendants argued in their Motion to Dismiss, an agent or instrumentality of the state that lacks standing as a § 1983 person? (i.e., under *Monell v. NYC Dept. of Social Serv.*, 436 U.S. 658 (1978), is the Charter School a "person" within the meaning of § 1983?) If the School qualifies as a § 1983 "person," then is it, like a municipality, barred from bringing suit against its creator or charter-

---

[6] *See Vill. of Arlington Heights v. Reg'l Transp. Auth.¸* 653 F.2d 1149, 1153 (7th Cir. 1981) ("[T]he principle that a municipality may not challenge acts of the state under the Fourteenth Amendment applies 'whether the defendant is the state itself or another of the state's political subdivisions.'" (quoting *City of S. Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231, 233 (9th Cir. 1980)).

grantor?[7] In its opinion, the District Court cites several cases establishing that a "political subdivision may not bring a federal suit against its parent state," but to apply this rule to the Charter School, it is necessary to first probe the nature of the School's relationship to the state.

In addressing whether the Charter School can bring a § 1983 suit against the state, the District Court should also consider how *Williams v. Mayor & City Council*, 289 U.S. 36 (1933), and *Coleman v. Miller*, 307 U.S. 433, 441 (1939), which stand for the proposition that a municipal corporation cannot sue the state, and *Washington v. Seattle School District No.1*, 458 U.S. 457 (1982), which suggests that a school *district* can bring a § 1983 suit against the state, bear on this question. Is a Charter School sufficiently analogous to a municipality that it should, under the *Williams* and *Coleman* line of cases, be barred from suing the state? If a charter school is sufficiently analogous to a municipality that the *Williams* and *Coleman* line of cases preclude it from asserting a § 1983 claim under the contract clause or the Fourteenth Amendment, does that rule extend to a cause of action alleging a violation of the First Amendment? Further, is it significant that the claim in *Washington* was for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment while the claims in *Williams* and *Coleman* were not? How does *Washington* bear on the question of whether a charter school can sue the school district/the state? Does *Washington* set down a binding rule

---

[7] Under the Pennsylvania Charter School Law, the board of school directors of the local school district grants a charter school's charter. *See* 24 P.S. § 17-1703-A. *See also* Complaint at 34 ("The Pocono Mountain Charter School was established as a public charter school in 2003. Its initial charter was approved by the Pocono Mountain School District (PMSD) in that year.").

that a school district can sue the state? If so, does that rule apply to a charter school, also permitting it to sue the state, or is a public school district's relationship with the state sufficiently distinguishable from a charter school's relationship with the school district and the state so as to merit a different rule?

The District Court should explore these issues on remand as it decides the question of whether, under Pennsylvania and federal law, a charter school can bring a cause of action under § 1983 against the school district.

III.

The District Court properly dismissed the plaintiffs' claims for monetary relief under the Pennsylvania Constitution. No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution. *See Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. 2006) ("[N]either Pennsylvania statutory authority nor appellate case law has authorized the award of money damages for violation of the Pennsylvania Constitution.").

However, the District Court fails entirely to address plaintiffs' claim for injunctive relief for violations of the Pennsylvania Constitution.[8] Although monetary relief is barred for claims under the Pennsylvania Constitution, equitable remedies are available. *See Moeller v. Bradford County*, 444 F. Supp. 2d 316, 320-21 (M.D. Pa. 2006) ("[I]t is

---

[8] *See* Complaint at 55-56 ("[P]laintiffs respectfully request that this Honorable Court: . . . (c) Enjoin Defendants from continuing the discriminatory practices set forth above.").

11

well settled that individual plaintiffs may bring suit for injunctive relief under the Pennsylvania Constitution); *Jones*, 890 A.2d at 1216 ("[O]ther remedies, such as declaratory or injunctive relief . . . are . . . remedies under the Pennsylvania Constitution."). On remand, the District Court must consider whether plaintiffs have stated a valid claim for injunctive relief under Article I, § 3 or Article I, § 26 of the Pennsylvania Constitution.[9]


IV.

The District Court dismissed plaintiffs' claim that the District violated Title VI of the Civil Rights Act of 1964 in denying the benefits of Pennsylvania's charter school program to the School and its students and in subjecting the Charter School and its students to discrimination on the basis of race and national origin. We affirm its dismissal of the Charter School's Title VI claim. However, as to the individual plaintiffs' Title VI claim, the District Court should have granted them leave to amend their complaint, and we direct it to do so on remand.

The Supreme Court has recognized a private right of action to enforce § 601 of the Civil Rights Act of 1964, which prohibits any recipient of federal financial assistance from discriminating against a "person" on the basis of race, color, or national origin in

---

[9] Judge Smith would conclude that the Charter School's claim for equitable relief under the Pennsylvania Constitution is inadequate under *Laborers International Union of North America, AFLCIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) and has therefore been waived.

any federally funded program.[10]  To state such a claim, a plaintiff must plead facts that establish discriminatory intent.  *See Alexander v. Choate*, 469 U.S. 287, 293-94 (1985).

We agree with the District Court that the Charter School's Title VI claim must fail, because the Charter School does not qualify as a "person" with standing to sue for relief under Title VI.  The language of Title VI, which refers to a person's "race, color or national origin," suggests that the private right of action Title VI creates does not reach entities like the Charter School.  *Cf. United States v. Alabama*, 791 F.2d 1450, 1457 (11th Cir. 1986) ("Title VI provides for a comprehensive scheme of administrative enforcement, and the Supreme Court has implicitly recognized a private right of action for individuals injured by a Title VI violation.  Absent any indication of Congressional intent to grant additional rights under this statute to non-private state subdivisions against the state itself, we decline to infer such a right of action by judicial fiat.").

The plaintiffs' complaint also alleges that the School District denied the benefits of the Pennsylvania charter school program on the basis of the students' race and national origin by seeking to prevent the School from operating, and discriminated against the students on the basis of their race and national origin by treating them differently from students at Evergreen.  The District Court dismissed these individual claims for failing to allege any facts showing that defendant discriminated against them.  According to the

---

[10] Section 601 of Title VI of the Civil Rights Act of 1964 provides that:
> No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000(d).

District Court, the individual plaintiffs failed to establish that the District's imposition of onerous conditions on the School's charter renewal, as compared to the conditions it imposed on Evergreen, and its attempt to revoke the School's charter based on unsubstantiated accusations, were targeted at the students.

Plaintiffs' complaint, as the District Court seems to suggest, fails to allege specific facts establishing harm directly or proximately caused by the School District to the students. It does not appear that the allegedly discriminatory conditions imposed on the Charter School directly discriminated against the Charter School students. Though the District Court did not identify it as such, the deficiency it identifies appears to be a standing issue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth the three requirements of Article III standing: (1) "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which was (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."). However, the individual plaintiffs may be able to cure these deficiencies by amendment of their complaint.

Accordingly, we will vacate the portion of the District Court's order dismissing the individual students' Title VI claim and direct the District Court on remand to grant the individual plaintiffs leave to amend their complaint to plead facts establishing that

14

they, as individuals, were discriminated against on the basis of their race or national origin and that they suffered harm as a result of this discrimination.[11]

V.

Finally, we will affirm the District Court's dismissal of plaintiffs' defamation claims, although on somewhat different grounds. The District Court dismissed the Charter School's defamation claims on two grounds – that, as a political subdivision, it cannot be libeled, and that plaintiffs failed to sufficiently plead defamation.

It is not entirely clear from the complaint whether the District's allegedly defamatory statements were made in the School's official capacity or in school officials' personal capacities. If the statements were made in the School's official capacity, the school officials who made them are protected by high official immunity under Pennsylvania state law. *See* 42 Pa. C.S. § 8546; *Zugarek v. S. Tioga Sch. Dist.*, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002); *Lindner v. Mollan*, 544 Pa. 487, 492 (1996). If the statements were made in the officials' individual capacity, the Charter School's claims are barred by the First Amendment. Even if a charter school is not a political subdivision, if it constitutes *any* kind of governmental entity, then it cannot sue for libel. *See New York Times v. Sullivan*, 376 U.S. 254, 291 (1964); *City of Philadelphia v.*

---

[11] To the extent the District Court suggests that the individual plaintiffs must show that they were the *direct target* of the District's discrimination, it should provide explanation and citation for that proposition. Other courts have upheld Title VI standing for plaintiffs who are not the direct targets of discrimination. *See, e.g.*, *Clemes v. Del Norte County Unified Sch. Dist.*, 843 F. Supp. 583 (N.D. Cal. 1994) (upholding standing for a white male teacher who alleged retaliation for his conduct in acting to protect the rights of Native American and female students).

*Washington Post Co.*, 482 F. Supp. 897, 898-99 (E.D. Pa. 1979) ("The City cannot maintain an action for libel on its own behalf.  A governmental entity is incapable of being libeled.").

## VI.

For the foregoing reasons, we affirm in part, and reverse and remand in part for further proceedings consistent with this opinion.