849 So.2d 1227 (2003)
LOUISIANA ASSESSORS' RETIREMENT FUND
v.
CITY OF NEW ORLEANS, et al.
No. 2002-CA-1435.
Supreme Court of Louisiana.
February 7, 2003.
Opinion Denying Rehearing April 21, 2003.
Daniel Clay Wirtz, Robert Alan Breithraupt, for Appellant.
Barry W. Ashe, Charles H. Braud, Jr., Baton Rouge, Richard P. Ieyoub, Attorney General, Denise M. Pilie, Dana M. Shelton, Phillip A. Wittmann, Deborah L. Wilson, Charles L. Rice, Jr., Eric O. Person, New Orleans, Wayne J. Lee, Joyce G. Joseph, for Respondent.
G. Anthony Gelderman, III, Erin C. Hangarthner, Robert D. Klausner, Robert E. Tarcza, New Orleans, Tina M. Walsh, *1228 for Sheriffs' Pension & Relief Fund Board (Amicus Curiae)
KNOLL, Justice.
The Louisiana Assessors' Retirement Fund (the Assessors' Fund) has appealed[1] the district court's judgment which declared LA.REV.STAT. ANN. §§ 11:1481 and 11:82 unconstitutional on grounds of equal protection.[2] For reasons that follow, we reverse the district court's holding and remand this case to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY
On April 18, 1994, the Assessors' Fund filed suit against the city of New Orleans, the city's treasurer, and the city's collector of revenue (the City) to recover amounts allegedly owed to the Assessors' Fund by the city pursuant to LA.REV.STAT. ANN. §§ 11:1481 and 11:82. Among other defenses raised, the City filed a reconventional demand for declaratory judgment seeking to have LA.REV.STAT. ANN. § 11:1481 declared unconstitutional on equal protection grounds because it allegedly imposes a disproportionate financial burden on the taxpayers of the city of New Orleans compared to other political subdivisions. Subsequently, Marc Morial, then mayor of the city of New Orleans (Morial), filed a petition for intervention, appearing in his capacity as mayor of the city and in his individual capacity as a city taxpayer. In his petition of intervention, Morial particularly asserted that LA.REV.STAT. ANN. § 11:1481 was unconstitutional because it violated the guarantee of equal protection set out in the United States and Louisiana constitutions.
After a three-day trial on the merits, the district judge agreed with the contention that LA.REV.STAT. ANN. §§ 11:1481 and 11:82[3] were unconstitutional on equal protection grounds.[4] In particular, the district court stated:
[T]he enforcement of the statute[s] as written produces discriminatory results against the City of New Orleans. This Court finds the statutes violate the equal protection clause of the U.S. Constitution and the Louisiana Constitution.
Thereafter, the trial court signed a judgment that reads in pertinent part:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment *1229 in favor of the Defendants, and against the Plaintiff, Louisiana Assessors' Retirement Fund, finding that La. R.S. 11:1481 and La. R.S. 11:82 violate the Equal Protection Clause of the United States Constitution and the Louisiana Constitution.

DISCUSSION
As noted above, the defendants in the principal demand, the city of New Orleans, the city's treasurer, and the city's collector of revenue, sought to have LA.REV.STAT.ANN. § 11:1481 declared unconstitutional on equal protection grounds. From the outset, we find the district court improperly found these municipal defendants fell within the scope of protection of the equal protection clauses of the United States and Louisiana Constitutions. To the contrary, it is well established the City, as a political subdivision of the state rather than a "person," is without the protections of LA. CONST. ANN. art. I, the Declaration of Rights Article, or the Due Process and Equal Protection Clauses of the United States Constitution. The jurisprudence has long held that municipalities are not entitled to Fourteenth Amendment protections. Williams v. Mayor & City Council of Baltimore, 289 U.S. 36, 40, 53 S.Ct. 431, 77 L.Ed. 1015; Risty v. Chicago, R.I. & P. Ry. Co., 270 U.S. 378, 390, 46 S.Ct. 236, 70 L.Ed. 641 (1926) ("The power of the state and its agencies over municipal corporations within its territory is not restrained by the provisions of the Fourteenth Amendment."); Warren County, Miss. v. Hester, 219 La. 763, 54 So.2d 12, 18 (1951), cert. denied, 342 U.S. 877, 72 S.Ct. 167, 96 L.Ed. 659 (1951) ("[I]t is plain that the Fourteenth Amendment of the Federal Constitution, declaring that no state shall deprive any person of life, liberty or property without due process of law nor deny any person within its jurisdiction the equal protection of the laws, is utterly without application to the political subdivisions of a state, which cannot be viewed as a person within the purview of the constitutional provision."); Morial v. Smith & Wesson Corp., XXXX-XXXX (La.4/3/01), 785 So.2d 1, 13; State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477 (1949); 2 DENNIS JENSEN & GAIL A. O'GRADNEY, MCQUILLIN MUNICIPAL CORPORATIONS § 4.20 at 60 (3rd ed. 1996) ("Municipal corporations are political subdivisions of the state, created for exercising any governmental powers of the state as may be entrusted to them and they may not assert the protection of the due process clause against action of the state government."). See also City of Newark v. New Jersey, 262 U.S. 192, 43 S.Ct. 539, 67 L.Ed. 943 (1923); City of New York v. Richardson, 473 F.2d 923 (2nd Cir.1973); Yonkers Comm'n on Human Rights v. City of Yonkers, 654 F.Supp. 544 (S.D.N.Y. 1987); Bartels v. Roussel, 303 So.2d 833 (La.App. 1 Cir.1974); Penny v. Bowden, 199 So.2d 345 (La.App. 3 Cir.1967). Correspondingly, Article I of the Louisiana Constitution protects only the rights of "persons" and does not protect government entities against unjust government action. Morial, 785 So.2d at 13. Therefore, the trial court erred when it granted judgment in favor of these municipal defendants on grounds of the equal protection clause.
As to Morial's separate intervention as a city taxpayer in which he asserts the unconstitutionality of LA.REV.STAT. ANN. § 11:1481 on equal protection grounds, we note nothing in the trial court's written reasons for judgment or the judgment itself indicates it even reached Morial's contentions as an individual separate from that urged by the City.
LA.CODE CIV. PROC. ANN. art. 1031 identifies an intervention as "[a] demand *1230 incidental to the principal demand." LA. CODE CIV. PROC. ANN. art. 1091 allows a third person having an interest in a pending action to intervene. The intervenor may join with the plaintiffs, unite with the defendant, or oppose both plaintiff and defendant. Id. Although Morial's alignment in the litigation is not specified in the pleading of intervention, a fair reading of the pleadings of intervention which raises the issue of the constitutionality of LA.REV. STAT. ANN. § 11:1481 reveals an alignment with the defendants. Notwithstanding, particularly as applicable in the present case, it is clear Morial the intervenor is a separate party to the litigation. Though normally that distinction may be of little or no moment, it is critical in the case sub judice because the multiple municipal defendants cannot raise the issue of equal protection and a properly qualified intervenor as a separate individual taxpayer may.[5] Moreover, even though the trial court judgment is styled "in favor of the Defendants," no mention is made of Morial as an intervenor in the litigation or the disposition of his assertion. Therefore, to the extent the judgment may be construed as being applicable to Morial in his individual or private capacity it is also reversed. See n5, supra.
For the foregoing reasons, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JOHNSON, J., concurs in result.

ON APPLICATION FOR REHEARING
PER CURIAM.
The application for rehearing is denied. In the opinion of February 7, 2003, the Court majority did not directly address the issue of Mayor Marc Morial's standing as an intervenor. We did not conclude that Mayor Morial had standing, nor did we remand the matter to the district court in particular for further consideration of his claims. Rather, this Court simply reversed the district court's judgment of unconstitutionality, and remanded the case "to the trial court for further proceedings consistent with this opinion," leaving it within the discretion of the district court to determine what issues or claims remained for resolution.
Rehearing denied.
NOTES
[1] LA. CONST. ANN. art. V, § 5(D) provides, in part, that a case shall be appealable to this Court if "a law or ordinance has been declared unconstitutional, ..."
[2] LA.REV.STAT. ANN. § 11:1481(1)(a) directs the city tax collector for the city of New Orleans to remit to the Assessors' Fund "one percent of taxes shown to be collectible by the tax rolls, including that shown on the tax roll to be exempted by virtue of homestead exemptions, for the city of New Orleans." LA.REV. STAT. ANN. § 11:82 provides, in pertinent part, that ad valorem tax contributions to state and statewide public retirement systems shall be as follows: "(1) Assessors' Retirement Fund. Dedicated funds are .25% (1% for Orleans Parish) of aggregate taxes shown to be collectible by the tax rolls of each parish...."
[3] We note that although the trial court found both statutes unconstitutional, the pleadings filed by the City and Morial did not specifically allege the unconstitutionality of LA.REV.STAT. ANN. § 11:82. Even though our jurisprudence is firmly established that the constitutionality of a statute must be attacked with specificity, because of our disposition of this case we do not address this issue.
[4] Because of this ruling, the district court did not reach the City's additional arguments that the statutes also violate the provisions of LA. CONST. ANN. art. VI, §§ 26 and 32 (prohibiting the diversion of the proceeds of special taxes), § 19 (limiting the state's right to impose ad valorem taxes), and LA. CONST. ANN. art. VI (limiting interference with home rule charter governments).
[5] We caution the trial court not to infer any ruling on our potential resolution of Morial's assertion of the issue of equal protection. The trial court should apply the appropriate procedural and substantive law, with its attendant interpretative jurisprudence, regarding Morial's intervention. In its consideration of this issue, the trial court should not infer from our opinion that this Court is predisposed to answer this question in any particular way.