864 So.2d 200 (2004)
LOUISIANA ASSESSORS' RETIREMENT FUND
v.
CITY OF NEW ORLEANS, et al.
No. 2003-CA-3009.
Supreme Court of Louisiana.
January 26, 2004.
*201 Brown, Erskine, Burkett & Briethaupt, Robert A. Briethaupt, Daniel C. Wirtz, Monroe, for appellant.
Sherry S. Landry, City Attorney, Joyce G. Joseph, Assistant City Attorney; Stone, Pigman, Walther, Wittmann, Phillip A. Wittmann, Wayne J. Lee, Barry W. Ash, *202 Denise M. Pilie, Dana M. Shelton, New Orleans, for appellee.
PER CURIAM.
In 1994, the Louisiana Assessors' Retirement Fund ("Fund") filed suit against the City of New Orleans and its treasurer and collector of revenue (collectively referred to hereinafter as "City"), seeking to recover amounts allegedly owed to the Fund by the City pursuant to La. R.S. 11:1481 and 11:82. Among other defenses raised, the City filed a reconventional demand for declaratory judgment challenging the constitutionality of La. R.S. 11:1481 on equal protection grounds, arguing the statute imposes a disproportionate financial burden on the City's taxpayers as compared to those of other political subdivisions. On March 2, 2001, Marc Morial, then mayor of the City of New Orleans, filed a petition of intervention in his capacity as mayor and in his individual capacity as a City taxpayer. In his petition, Mr. Morial asserted that La. R.S. 11:1481 is unconstitutional because it violates the guarantee of equal protection set forth in the United States and Louisiana constitutions, but did not allege La. R.S. 11:82 is unconstitutional.
Following a trial in 2001, the district court declared both La. R.S. 11:1481 and 11:82 unconstitutional on equal protection grounds. The Fund appealed the district court's judgment directly to this court.
We reversed the judgment of the district court. Louisiana Assessors' Retirement Fund v. City of New Orleans, 02-1435 (La.2/7/03), 849 So.2d 1227. In our opinion, we concluded the district court improperly granted judgment in favor of the City, its treasurer, and its collector of revenue on equal protection grounds because these municipal defendants are not "persons" within the scope of the protection of the equal protection clauses of the United States and Louisiana constitutions. With respect to the assertion of the unconstitutionality of La. R.S. 11:1481 by Mr. Morial, we found that nothing in the district court's judgment or written reasons for judgment indicated the court even reached Mr. Morial's contentions "as an individual separate from that urged by the City." Finally, we observed that although the district court declared both La. R.S. 11:1481 and 11:82 unconstitutional, the pleadings filed by the City and Mr. Morial did not specifically allege the unconstitutionality of La. R.S. 11:82. Accordingly, we reversed the district court's judgment and remanded the case to the district court for further proceedings.
On application for rehearing, the Fund urged us to find that Mr. Morial lacked standing to pursue his equal protection claims. In denying rehearing, we noted that our original opinion did not address Mr. Morial's standing as an intervenor.
On remand, the district court held a status conference to address the issues raised by the remand. The court advised counsel for both parties that he would entertain an amendment to the petition of intervention in order to comply with this court's opinion, provided the amended petition conformed to the evidence introduced at the 2001 trial. Accordingly, on June 25, 2003, Mr. Morial filed an amended petition of intervention on the side of the defendants, appearing in his individual capacity as a real property owner and ad valorem taxpayer of the City.[1] In his petition, Mr. Morial explicitly asserted that La. R.S. 11:1481 and 11:82 are unconstitutional *203 because the statutes violate the guarantee of equal protection set forth in the United States and Louisiana constitutions. Specifically, Mr. Morial argued that the targeted statutes impose a disproportionate financial burden on the City's taxpayers as compared to those of other political subdivisions, and will divert taxes enacted for specific purposes, burden the tax base of the City and its taxpayers, and diminish City services obtained from the City's ad valorem tax collections, all to Mr. Morial's detriment.
The Fund opposed the filing of the amended petition of intervention, arguing, inter alia, that Mr. Morial is without standing to intervene because he has no justiciable interest in the principal action and an adverse judgment will not directly impact his rights. The Fund contended that the targeted statutes do not impose a tax upon individual citizens, and that if a final judgment is rendered against the City, Mr. Morial will pay the same ad valorem property taxes he has always paid. For this reason, the Fund argued that Mr. Morial is simply seeking to assert a defense to the enforcement of the targeted statutes that the City otherwise lacks standing to assert. Furthermore, the Fund pointed out that Mr. Morial cannot show that he is aggrieved by the targeted statutes in any manner unique to any other taxpayer of the state.
On July 28, 2003, the district court conducted a hearing on Mr. Morial's motion for leave to file his amended petition of intervention. In a written judgment dated August 11, 2003, the district court determined it was unnecessary for Mr. Morial to formally amend his petition of intervention as, pursuant to La.Code Civ. P. art. 1154,[2] the issues raised in the petition would be expanded to conform to the evidence presented at the 2001 trial, including the unconstitutionality of La. R.S. 11:1481 and 11:82. On the merits, the district court held that Mr. Morial has standing to intervene in this matter and that enforcement of the targeted statutes produces discriminatory results against Mr. Morial. Therefore, the district court declared that La. R.S. 11:1481 and 11:82 are unconstitutional as in violation of the equal protection clause. The district court adopted its original reasons for judgment (issued January 2, 2002) as applicable to Mr. Morial.
The Fund directly appealed that judgment to this court. Pretermitting the merits of the case, we determine the district court committed procedural errors which require us to vacate the district court's judgment and remand the case for further proceedings.
First, we find the district court erred in determining it was unnecessary to require Mr. Morial to formally amend his petition of intervention. In general, so long as the facts constituting the claim or *204 defense are alleged or proved, a party may be granted any relief to which he is entitled to under the fact pleadings and evidence. Cox v. W.M. Heroman & Co., 298 So.2d 848, 855 (La.1974). However, this general rule must yield to the specific requirement that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. Vallo v. Gayle Oil Co., 94-1238 at p. 8 (La.11/30/94), 646 So.2d 859, 865; Johnson v. Welsh, 334 So.2d 395, 396-397 (La.1976); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971). Because Mr. Morial's original petition of intervention did not specifically allege La. R.S. 11:82 was unconstitutional, he must formally amend his petition of intervention in order for the district court to pass on the constitutionality of this statute.
Second, we find the district court erred in failing to conduct an evidentiary hearing on the Fund's objection to Mr. Morial's standing as an intervenor. Although we recognize the district court received some limited evidence regarding Mr. Morial's status as a taxpayer at the original trial,[3] we expressly held in our opinion denying rehearing that no determination of Mr. Morial's standing was made by this court. Rather, in reversing the judgment of the district court in its entirety, it was our clear intent that the district court make a new finding on Mr. Morial's standing, after receiving appropriate evidence from the parties.
Finally, in the event the district court finds Mr. Morial to have standing, we believe the district court must do more than reissue its earlier reasons for judgment. In our original opinion, we expressly directed the district court to "apply the appropriate procedural and substantive law, with its attendant interpretative jurisprudence, regarding Morial's intervention." Louisiana Assessor's Retirement Fund, 02-1435 at p. 5., n. 5, 849 So.2d at 1230, n. 5. Pursuant to this directive, the district court, in the event it finds Mr. Morial has standing, is required to reexamine the constitutional issues in the case as they relate to Mr. Morial. Additionally, insofar as our prior holding affects the positions of the parties, the district court should allow them to reopen the record to present additional evidence as appropriate.

DECREE
For the reasons assigned, the judgment of the district court is vacated and set aside. The case is remanded to the district court for further proceedings consistent with this opinion.
NOTES
[1] By the time the amended petition of intervention was filed, Mayor Morial was no longer in office.
[2] La.Code Civ. P. art. 1154, entitled "Amendment to conform to evidence," provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
[3] At the 2001 trial, Mr. Morial testified that he owns property on Bienville Street in Mid City, and as such, he is an ad valorem taxpayer in the City of New Orleans. However, the majority of Mr. Morial's testimony was directed to issues relating specifically to the operation of the City and his role as mayor.