STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 04-374


MR. DARRYL J. SIMMONS, ET AL

VERSUS

SHERIFF HAL TURNER, ET AL


**********


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2003-528
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


**********


MARC T. AMY
JUDGE


**********


Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard
Ezell, Judges.

WRIT DENIED.

Woodard, J., concurs in the result and assigns written reasons.


Errol D. Deshotels
Deshotels, Mouser & Deshotels
317 W. Sixth Avenue
Oberlin, LA 70655
(337) 639-4309
COUNSEL FOR PLAINTIFFS/APPLICANTS:
        Darryl J. Simmons
        Katie D. Simmons
        Wilton Simmons, III
        Wilton Simmons, Jr.

**Donna U. Grodner**
**Charlotte C. McDaniel**
**Grodner & Associates**
**2223 Quail Run, B-1**
**Baton Rouge, LA 70808**
**(225) 769-1919**
**COUNSEL FOR PLAINTIFFS/APPLICANTS:**
**Darryl J. Simmons**
**Katie D. Simmons**
**Wilton Simmons, III**
**Wilton Simmons, Jr.**

**David R. Lestage**
**Hall, Lestage & Landreneau**
**Post Office Box 880**
**DeRidder, LA   70634**
**(337) 463-8692**
**COUNSEL FOR DEFENDANTS/ RESPONDENTS:**
**Deputy Ronald McGee**
**Deputy Damion Gradney**
**Deputy Harold Barnett**
**Deputy Scott Elam**
**Allen Parish Sheriff's Office**
**Sheriff Hal Turner**
**Sargent Jason Gary**

AMY, Judge.

The plaintiffs filed suit seeking damages related to the death of their father while he was in the custody of the Sheriff of Allen Parish. The Sheriff, the Sheriff's Department, and several deputies were named as defendants. Following the plaintiffs' request for a jury trial, the defendants filed a motion to strike alleging that a jury trial was unavailable pursuant to the Louisiana Governmental Claims Act, La.R.S. 13:5101, *et seq.* The trial court granted the motion to strike. The plaintiffs filed an application for supervisory writs contesting the trial court's determination. The matter was placed on this court's docket for full briefing and consideration on the merits. For the following reasons, we deny the writ application.

**Factual and Procedural Background**

The plaintiffs, Darryl J. Simmons, Katie D. Simmons, Mary Simmons, and Wilton Simmons, III, are the children of Wilton Simmons, Jr. The plaintiffs filed suit in the Thirty-Third Judicial District, alleging that their father was denied medical assistance while confined in the Allen Parish jail. The plaintiffs assert that this denial of treatment led to his death while in custody. The plaintiffs sought recovery for wrongful death pursuant to La.Civ.Code art. 2315.2 and pursuant to a survival action under La.Civ.Code art. 2315.1. The petition advanced both state law claims and alleged entitlement to recover under 42 U.S.C. § 1983 for constitutional violations. Named as defendants were Sheriff Hal Turner, in his capacity as Sheriff of Allen Parish, Allen Parish Sheriff's Office, and several Allen Parish Sheriff's deputies. The petition contained a request for jury trial on all issues.

The defendants filed a motion to strike jury trial and/or jury trial request, asserting that a jury trial was unavailable pursuant to the Louisiana Governmental Claims Act, La.R.S. 13:5101, *et seq.* The motion was granted by the trial court. The

plaintiffs filed the instant application for supervisory writs contending that even to the extent that La.R.S. 13:5101, *et seq.*, might operate to preclude a jury trial against the Sheriff and the Sheriff's Department, it cannot be viewed as prohibiting a jury trial against the deputies or employees of the department. The plaintiffs also contend that La.R.S. 13:5101, *et seq.*, cannot operate to prohibit a jury trial on their federal claims.

This matter was placed on the docket for consideration on the merits.[1]

**Discussion**

*The Louisiana Governmental Claims Act*

At issue in this case is La.R.S. 13:5105, a portion of the Louisiana Governmental Claims Act, which provides: "No suit against a political subdivision of the State shall be tried by jury." The plaintiffs do not appear to contest that a jury trial is unavailable to the Sheriff and the Sheriff's Office pursuant to this legislation. Rather, the plaintiffs concentrate on whether La.R.S. 13:5105's prohibition against a jury trial applies to the sheriff's deputies. The plaintiffs note that the statute does not reference officers or employees of a sheriff's department as those entities against whom a jury trial is unavailable. Thus, they contend, the prohibition is inapplicable to employees of a sheriff's department.

Important to our analysis are the other portions of the Louisiana Governmental Claims Act. Louisiana Revised Statutes 13:5101 provides:

A. This Part shall be known and may be cited as the "Louisiana Governmental Claims Act".

---

[1]Harold Brady, the current Sheriff of Allen Parish, filed a Motion for Substitution as Public Official Party Defendant with this court. The plaintiffs responded to the motion, asserting a reservation of rights. We refer consideration of that motion to the trial court for its consideration on remand.

B.     This Part applies to any suit in contract or for injury to person or property against the state, a state agency, an officer or employee of the state or a state agency arising out of the discharge of his official duties or within the course and scope of his employment, or a political subdivision of the state, as defined herein, *or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment.* The provisions of this Part shall not supersede the provisions of R.S. 15:1171 et seq. or R.S. 15:1181 et seq. Nothing in this Part shall apply to claims covered by R.S. 40:1299.39.

(Emphasis added.)

Definitions of terms used in the Louisiana Governmental Claims Act are contained in La.R.S. 15:5102, which provides, in part:

B.     *As the term is used in this Part, "political subdivision" means* any parish, municipality, special district, school board, *sheriff,* public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.

C.     As the term is used in this Part, "suit" means civil actions as defined in Code of Civil Procedure Art. 421 whether instituted by principal or incidental demand.

(Emphasis added.)

The plain wording of La.R.S. 13:5101(B) indicates that the Louisiana Governmental Claims Act applies to a claim "against an *officer or employee of a political subdivision* arising out of the discharge of his official duties or within the course and scope of his employment." (Emphasis added.) Reference to La.R.S. 13:5102(B) indicates that both a "sheriff" and a "department" are to be considered a "political subdivision" within the terms of the statute. Thus, reading the statutes within the context of the Act,[2] use of "political subdivision" in La.R.S. 13:5105 is

---

[2]In *Theriot v. Midland Risk Ins. Co.,* 95-2895, p. 3 (La. 5/20/97), 694 So.2d 184, 186, the Louisiana Supreme Court remarked that: "Where a part of an act is to be interpreted, it should be read in connection with the rest of the act and all other related laws on the same subject." *See also,* La.Civ.Code art. 13, which provides: "Laws on the same subject matter must be interpreted in reference to each other."

3

seen to include officers or employees of that political subdivision. In this case, the term includes officers or employees of the sheriff's department. *See, e.g., Powell v. Regional Transit Authority*, 96-0715 (La. 6/18/97), 695 So.2d 1326 (wherein the Louisiana Supreme Court found the Act's prohibition against a jury trial applicable to an employee of the Regional Transit Authority, an entity the supreme court noted to be a political subdivision at the time of trial).[3]

Alternatively, the plaintiffs contend that even if the employees of the sheriff's department are found to be included within the terms of the Louisiana Governmental Claims Act, their allegedly tortious actions cannot be viewed as arising from the discharge of their official duties or as within the course and scope of their employment as is required by La.R.S. 13:5101(B). They assert that, because the deputies are accused of committing federal constitutional torts, these defendants cannot assert that they were within the course and scope of their employment. The plaintiffs contend that "[o]fficial duties and course of employment through the

_____

[3]In *Powell*, 695 So.2d at 1331, the Louisiana Supreme Court explained the relationship of the statutes within the Act as follows:

> In 1988, the Legislature amended La.Rev.Stat. 13:5101, which had previously made La.Rev.Stat. 13:5101-5114 (now known as the Louisiana Governmental Claims Act) applicable "to any suit . . . against the state, a state agency, or a political subdivision of the state." The 1988 amendment made La.Rev.Stat. 13:5101-5114 also applicable to "any suit . . . against any officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment." When Section 5101 after the 1988 amendment is read together with Section 5105, the prohibition of jury trials against a political subdivision in Section 5105 extends to employees of the political subdivision when the suit arose out of the discharge of the officer's or employee's official duties or the officer or employee was in the course and scope of employment at the pertinent time. Thus any actions against both a political subdivision and its employee tried after the 1988 amendment to Section 5101 should have been tried by the judge alone without a jury.

(Footnotes omitted.)

Sheriff's office may never include the violation of a constitutional right." In support of this position, the plaintiffs reference cases relating to immunity.

The difficulty in the plaintiffs' argument is seen by reference to the petition wherein the plaintiffs seek recovery for alleged violations of the federal constitution. The petition references 42 U.S.C. § 1983 as the mechanism for recovery of the alleged federal constitutional torts. The statute requires that the allegedly wrongful conduct arise "under color of any statute, ordinance, regulation, custom, or usage . . . ." Insofar as the plaintiffs have advanced their case through the prism of § 1983, it is problematic to alternatively argue, at a preliminary stage, that those same actions cannot be viewed as arising out of the course and scope of the defendants' employment for purposes of La.R.S. 13:5101(B). In short, the plaintiffs have alleged the very thing that they are attempting to disprove. Insofar as the arguments may be viewed as relating to immunity or the availability § 1983 remedies, these arguments are premature. In this case, the allegations contained in the petition indicate that the case arises "out of the discharge of [the defendants'] official duties or within the course and scope of [their] employment" as is required by La.R.S 13:5101(B). Accordingly, the statute is applicable. This argument is without merit.

Finally, we note that in their original application to this court, the plaintiffs argued that if La.R.S. 13:5105 is interpreted to prohibit a jury trial against the deputies as employees of the Sheriff's Department, it is unconstitutional as an unlawful extension of the legislature's authority under La.Const. art. 12, § 10, which provides, in part:

> **(C) Limitations; Procedure; Judgments.** Notwithstanding Paragraph (A) or (b) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the

5

circumstances giving rise to liability and the kinds and amounts of recoverable damages. It shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, but no public property and public funds shall be subject to seizure. The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.

The plaintiffs contend in their writ application, that insofar as the legislation may be viewed as placing a limitation on the deputies, who are not the state, a state agency, or a political subdivision, then it should be viewed as overreaching the constitutional authority of Article 12, Section 10. However, the parties' submissions to this court do not indicate that this argument reaches this court in proper procedural posture for consideration of a constitutional issue. In *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859, the Louisiana Supreme Court reviewed a case in which the application of a statute to the situation at bar was asserted to be unconstitutional. However, the supreme court found the matter to be in an inappropriate posture for resolution, noting that a constitutional issue must first be raised in the trial court, with the unconstitutionality argument specially pleaded and the grounds of the claim particularized. *Id. See also Louisiana Assessors' Retirement Fund v. City of New Orleans*, 03-3009 (La. 1/26/04), 864 So.2d 200. As there is no indication that procedure was followed in the instant case, the constitutional issue is inappropriate for consideration.

6

*42 U.S.C. § 1983*

The plaintiffs also point out that they have alleged constitutional claims against the defendant and seek recovery pursuant to 42 U.S.C. § 1983. They argue that La.R.S. 13:5101, *et seq.*, cannot be seen to operate insofar as it would deprive them of what they contend is a constitutional right to a jury trial on those federal issues.

We point out that there is no right to jury trial in a civil case specifically provided by the Louisiana Constitution. *But see* La.Const. art. 1, § 17, which addresses the right to a jury in criminal cases. Rather, the availability of a jury in a civil trial in state proceedings is controlled through legislation. *See, e.g.,* La.Code Civ.P. arts. 1731, *et seq.* Neither does the text of 42 U.S.C. § 1983[4] provide a statutory right to a jury under that statute. Therefore, as explained by the United States Supreme Court in *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 119 S.Ct. 1624 (1999), the availability of a jury trial in a § 1983 proceeding arises from the Seventh Amendment of the United States Constitution. The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

---

[4]42 U.S.C. § 1983, entitled "Civil action for deprivation of rights" provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Accordingly, in § 1983 suits brought in federal court, the jury question focuses upon whether the suit is one at "common law."[5] *See City of Monterey*, 526 U.S. 687, 119 S.Ct. 1624 (wherein the Supreme Court addressed a § 1983 proceeding brought in federal court). While the instant matter involves federal claims, it is brought in state court, as a state proceeding.

The United States Supreme Court has explained that the Seventh Amendment is not made applicable to the States through the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See City of Monterey*, 526 U.S. 687, 119 S.Ct. 1624; *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, n. 6 (1974); *Adamson v. Casey*, 332 U.S. 46, 67 S.Ct. 1672 (1947), *citing Walker v. Sauvinet*, 92 U.S. 90 (1875). *See also Brewton v. Underwriters Ins. Co.*, 02-2852, 02-2853 (La. 6/27/03), 848 So.2d 586; *Rudolph v. Massachusetts Bay Ins. Co.*, 472 So.2d 901 (La.1985).

Furthermore, when a state court considers a § 1983 suit, the state retains the authority to apply its rules and procedures for suits in its court. *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302 (1988). This authority to apply state rules of procedure, however, is limited by the state's obligation to provide all substantive rights available under a federal law. *Id*. The Supreme Court has stated that: "State courts simply are

---

[5]Explaining the term "suits at common law," the United States Supreme Court has explained:

> [W]e have recognized that "suits at common law" include "not merely suits, which the *common* law recognized among its old and settled proceedings, but [also] suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830). The Seventh Amendment thus applies not only to common-law causes of action but also to statutory causes of action "'analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'" *Feltner, supra*, [523 U.S. 340] at 348, 118 S.Ct. 1279 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)); accord *Curtis,* [415 U.S. 189] at 193, 94 S.Ct. 1005.

*City of Monterey*, 526 U.S. at 708-09, 119 S.Ct. at 1638.

not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right." *Id.* at 487 U.S. at 152, 119 S.Ct. at 2314. In the present case, it does not appear that there is an underlying federal right with regard to a jury trial arising from § 1983. As stated above, the Supreme Court has determined that the availability of a jury trial in § 1983 claims stems, not from the text of that legislation, but from the Seventh Amendment, a portion of the Bill of Rights not made applicable to the states through the Due Process Clause. In fact, the nature of the § 1983 claim and consideration of whether the suit is considered to be one at common law, determines whether a jury trial is available in § 1983 claims brought in federal court. *See City of Monterey*, 526 U.S. 687, 119 S.Ct. 1624.

In sum, it appears that the availability of a jury trial must arise in one of three ways in the present context: first, by application of Louisiana law; second, a provision for a jury trial in the text of the federal legislation; or third, through the United States Constitution. None of these avenues are available in the present case as there is an express Louisiana statute indicating that the plaintiffs are without that right against these defendants; the federal statute under which the plaintiffs are seeking recovery does not provide an independent basis on which a right to jury trial is conferred; and the United States Constitution's guarantee to a jury trial has not been made applicable to the states. Accordingly, the plaintiffs are without a right to a jury trial in this matter.

We find no error in the trial court's granting of the motion to strike.

## DECREE

For the foregoing reasons, the plaintiffs' application for supervisory writs seeking a reversal of the trial court's granting of the defendants' motion to strike is

denied. All costs of this proceeding are assessed against the plaintiffs, Darryl J. Simmons, Katie D. Simmons, and Wilton Simmons, III. This matter is remanded for further proceedings. The Motion for Substitution as Public Official Party Defendant is referred to the trial court for its consideration.

**WRIT DENIED.**

NUMBER 04-374

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

**MR. DARRYL J. SIMMONS, ET AL.**

Plaintiffs - Applicants

Versus

**SHERIFF HAL TURNER, ET AL.**

Defendants - Respondents

On appeal from the 33rd Judicial District Court [No. 2003-528], for the Parish of Allen, State of Louisiana; the Honorable Patricia C. Cole, District Judge, presiding.

Woodard, J., concurring.

I am constrained to concur in the result that the Plaintiffs are not entitled to a jury trial, even on their § 1983 claims. In *Felder v. Casey*,[1] the U.S. Supreme Court found that a state law, requiring plaintiffs to notify governmental entities a specified number of days before they could file suit against the entity, unduly burdened the federal right, which §1983 created, and was part and parcel of §1983's remedy. It seems counterintuitive that the Court would find such a notice-of-claim statute to unduly burden the right, yet find that a law barring a jury trial would not unduly burden the right.

Furthermore, the Court in *Dice v. Akron*[2] stated: "Right to trial by jury is too substantial a part of the rights accorded by the Act to permit it to be classified as a mere local rule of procedure."[3] Accordingly, it found that the state was required to

_____

[1]487 U.S. 131, 108 S.Ct. 2303 (1988).

[2]342 U.S. 359, 72 S.Ct. 312 (1952).

[3]*Id.* at 363.

provide a jury trial.  However, that case involved FELA, a different federal statute. FELA provides for the right to a jury trial within the act itself.

Conversely, as the majority point out, in *City of Monterey v. Del Monte Dunes at Monterey, Ltd*.,[4] the U.S. Supreme court made it clear that right to a jury trial, in §1983 actions, stems from the 7th amendment which is inapplicable to the states. Interestingly enough, in that case, the Supreme Court used the 7th amendment analysis to uphold the plaintiffs entitlement to a jury trial, even though the 1983 action involved a taking, traditionally a claim in which plaintiffs were not entitled to a jury trial, excluding the issue of calculating just compensation.  However, because it has not explicitly held that a jury trial is part and parcel of the remedy in a 1983 action at law, I must concur in the result.

---

[4]526 U.S. 687, 119 S.Ct. 1624 (1999).