Dear Mayor Pitre and Mr. Pitre:
You have requested an opinion of this office regarding whether a violation of equal protection under the U.S. Constitution and/or Louisiana Constitution arises from the implementation of recently-enacted Louisiana Revised Statute 32:266. The statute at issue directs municipalities that are not governed by a home rule charter to forward to the state treasury monies collected from citations issued for exceeding the posted speed limit by less than ten miles per hour on an interstate highway.[1] The basis for the *Page 2 
equal protection challenge is that a municipality governed by the Lawrason Act must observe the statute, while municipalities governed by home rule charter are specifically exempt. For the reasons that follow, we conclude that the exemption of home-rule charter municipalities from the mandate of Louisiana Revised Statutes32:266 does not violate the guarantees of equal protection afforded by the United States Constitution or the Louisiana Constitution.
The Fourteenth Amendment to the United States Constitution guarantees to every person the equal protection of the law:
 No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
Amendment XIV, § 1, U.S. Constitution. Article I, Section 3 of the Louisiana Constitution begins with a similar guarantee of equal protection:
 No person shall be denied the equal protection of the laws.
La.Const. Art. I, § 3. Each of these constitutional provisions expressly guarantees equal protection of the law to all persons. The threshold issue is whether a municipality enjoys the right to equal protection under the Fourteenth Amendment to the United States Constitution or Article I, Section 3 of the Louisiana Constitution.
The jurisprudence is uniform in its exclusion of municipalities from the guarantees of equal protection of the laws under both the United States Constitution and the Louisiana Constitution.Louisiana Assessor's Retirement Fund v. City of New Orleans, 2002-1435 (La. 02/07/03), 849 So.2d 1227, 1229; Morial v.Smith Wesson Corp., 2000-1132 (La. 04/03/01) 785 So.2d 1, 13. The United States Supreme Court has long observed that "[t]he power of the state and its agencies over municipal corporations within its territory is not restrained by the provisions of theFourteenth Amendment." Williams v. Mayor City Council of Baltimore,289 U.S. 36, 40, 53 S.Ct. 431, 77 L.Ed. 1015 (1933). *Page 3 
 [I]t is plain that the Fourteenth Amendment of the Federal Constitution, declaring that no state shall deprive any person of life, liberty or property without due process of law nor deny any person within its jurisdiction the equal protection of the laws, is utterly without application to the political subdivisions of a state, which cannot be viewed as a person within the purview of the constitutional provision.
Warren County, Miss. v. Hester,219 La. 763, 54 So.2d 12, 18 (1951), cert. denied,342 U.S. 877 (1951). The equal protection guarantee of the Louisiana Constitution likewise "protects only the rights of `persons' and does not protect government entities against unjust governmental action." Louisiana Assessor's Retirement Fund v. City ofNew Orleans, supra at 13; Morial v. Smith Wesson Corp.,supra at 1229.
In summary, a municipality, as a political subdivision of the State, is not entitled to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution or Article I, Section 3 of the Louisiana Constitution. Accordingly, the exemption of home-rule charter municipalities from the mandate of Louisiana Revised Statutes 32:266 does not violate the guarantees of equal protection afforded by the United States Constitution or the Louisiana Constitution.
We trust that this opinion adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: ____________
 Charles W. Belsom, Jr.
 Assistant Attorney General
 JDC:CWB:Irs
[1] The full text of La.R.S. 32:266 reads:
§ 266. Enforcement of speed limit on certain highways;disposition of fines
A. For purposes of this Section, the following words and phrases shall have the following meanings:
(1) "Interstate highway" means a fully controlled access highway which is part of the National System of Interstate and Defense Highways.
(2) "Local law enforcement body" means any law enforcement body seated in a jurisdiction that is not governed by a home rule charter and has the authority to write civil or criminal traffic citations within that area and all the agents or contractors thereof.
B. (1) After deposit to the Bond Security and Redemption Fund as required under the provisions of Article VII, Section 9(B) of the Constitution of Louisiana, all fines or penalties collected by or on behalf of a local law enforcement body for citations issued for exceeding the posted speed limit by less than ten miles per hour on an interstate highway, shall be forwarded to the state treasurer and credited to a special fund which is hereby created in the state treasury and designated as the "Louisiana Highway Safety Commission Fund".
(2) The monies in the Louisiana Highway Safety Commission Fund shall be used solely for implementation, administration, and enforcement of highway safety programs and only in the amounts appropriated each year to the commission by the legislature. Any surplus monies and interest remaining to the credit of the fund on June thirtieth of each year after all such appropriations of the preceding fiscal year have been made shall remain to the credit of the fund, and no part thereof shall revert to the state general fund.